PICKERELL *v.* CARSON.

The proper construction of an instrument of writing, and the meaning of the words used, is to be determined by the court.

The word "fixtures" and "appurtenances" have acquired a peculiar and appropriate meaning, and are to be construed according to such meaning, having due reference to the context, and to the connection in which the words are used.

*Replevin.* On the 30th of October, 1856, F. M. P., one of the plaintiffs,

Pickerell v. Carson.

being indebted to to the defendant, in the sum of $2,500, by an instrument of writing of that date, and to secure the payment of said sum, did "sell and convey unto the said defendant, the following described premises, to-wit: all the fixtures and appurtenances contained in the daguerrean rooms on Main street, Dubuque, belonging to the said F. M. P. No schedule of the property was attached to the conveyance. On the 12th of January, 1857, F. M. P. sold and conveyed by bill of sale, to O. F. P., the other plaintiff, for the alleged consideration of $2,000, all the daguerreotype material, stock, cameras, picture frames, paintings, furniture, one piano forte, carpet on floor, improvements and looking glass, together with the lease on the gallery, and all and singular every article in any wise appertaining to the business contained in the National Daguerreotype Gallery in Dubuque, Iowa; *Held*, 1. That the word appurtenances in the bill of sale to defendant, embraced the loose moveable articles of personal property, in the daguerrean rooms, so far as they were necessary to the business carried on therein; 2. That under the term "fixtures," all the right and interest of F. M. P. in and to the sky-light, balcony, partition, and all other property annexed to the premises, passed to the defendant under the said bill of sale.

Fixtures are personal chattels annexed to the freehold, and which may be severed and removed by the party who has annexed them, against the will of the owner of the freehold.

Appurtenances signify something belonging to another thing as principal, and which passes as incident to the principal thing.

*Appeal from the Dubuque District Court.*

SATURDAY, JUNE 11.

THE plaintiffs were carrying on the daguerrean business at the city of Dubuque, on the premises known as the "Pickerell Daguerrean Room." There was connected with the rooms, a valuable sky-light, and a balcony running along one side, by which an entrance was gained to the rooms; and there were partitions in said rooms, and other fixtures for the convenience of trade, erected by F. M. Pickerell, one of the plaintiffs, who alone held the lease-hold interest of the premises. The plaintiffs had a large amount of property in their possession, in their said daguerrean rooms, consisting of cameras, camera boxes, stands, head rests, operating chairs, chemicals, pictures, picture frames, maps,

furniture and stock in trade, and one piano, the whole val-
ued by them at the sum of two thousand dollars. There
was no evidence to show that any of this property, last
mentioned, was attached to or fastened to the premises or
realty.

On the 30th of October, 1856, F. M. Pickerell, one of the
plaintiffs, being indebted to the defendant in the sum of
twenty-five hundred dollars, by an instrument of writing of
that date, and to secure the payment of said sum, did "sell
and convey to said William C. Carson, the following des-
cribed premises, to-wit : all the fixtures and appurtenances
contained in the daguerrean rooms," in the building on
Main street, Dubuque, belonging to Frank M. Pickerell."
There was no schedule of the property, or inventory of any
kind, attached to said instrument of writing.

On the 12th of January, 1857, F. M. Pickerell sold and
conveyed, by bill of sale, to his co-plaintiff, O. F. Pickerell,
for the alleged consideration of two thousand dollars, " all
the daguerreotype material, stock, cameras, picture frames,
paintings, furniture, one piano forte, carpet on floor, im-
provements, and looking-glass, together with the lease on
the gallery, and all and singular, every article in any wise
appertaining to the business contained in the National Da-
guerreotype Gallery, in Dubuque, Iowa."

The property remained in the possession of the plaintiffs
until January 31st, 1857, when it was taken from them by
the defendant; whereupon the plaintiffs brought this action
of replevin, to recover possession of the same. The defend-
ant claimed the title and possession under the mortgage
from F. M. Pickerell to himself, above recited.

The court charged the jury, that " the words (fixtures and
appurtenances), used in the conveyance by F. M. Pickerell,
to defendant, included the appurtenances contained in a da-
guerrean room, and such as were contained in the particular
rooms described in the petition ; that they included such
things as pertained or belonged to the room described, and
such things as were used by F. M. Pickerell in that room,

in carrying on the daguerrean business, and which remained there permanently; that they included furniture permanently used in that particular business; that the word "fixtures" was not synonymous with "appurtenances;" that fixture meant something fixed to the realty;" and that the jury might consider the word appurtenances as including all pictures hanging on the wall, together with the stove and carpet, they being attached to the room, and the maps upon the wall, with the apparatus and furniture necessary for a daguerrean room, the machines and stock, oils and mercury, and all things used in carrying on the business." To this portion of the charge of the court, the plaintiffs excepted.

The plaintiffs asked the court to instruct the jury, that " loose, moveable articles of personal property, will not be regarded as fixtures, or appurtenances." The court refused to give the instruction as asked by plaintiffs, but after striking out therefrom the word " appurtenances," gave the remainder of the instruction. The plaintiffs also asked the court to instruct the jury, that, "if, by the terms 'fixtures and appurtenances,' the title to such property as that mentioned in the petition, does not pass, the jury must find for the plaintiff." This instruction the court refused to give. There was a verdict for the defendant, in the sum of nineteen hundred and eighty-six dollars, for which judgment was rendered. The plaintiffs appeal.

*Wiltse, Friend & Jennings*, for the appellants.

The question for the court is, whether the mortgagee, (the defendant), is entitled to the articles of personal property, seized by him under pretence that they were covered by his mortgage, which property is fully set out in a schedule attached to the petition. Or, in other words, whether by the terms, " fixtures and appurtenances," the loose, moveable articles, named in said schedule pass to the mortgagee.

The terms, "fixtures and appurtenances," are technical, and are to be construed accordingly. Code of Iowa, section

26.    It cannot be gathered, from the agreement contained
in the mortgage, that it was the intention of the mortgagee
to take a pledge of personal property; nor is there, in fact,
in the agreement anything to vary the general rule of law,
as applying to fixtures and appurtenances.    It is the " fix-
tures and appurtenances contained in the daguerrean
rooms."    But the language is that of a grant—" hereby sell
and convey," say the grantors.    Nor is there any evidence,
or otherwise, outside of the agreement, to show that any
thing was included or meant, but what may and does pass
under the technical designation of fixtures and appurte-
nances.

We are brought, then, to the legal meaning of fixtures
and appurtenances.    " The term fixtures is always applied
to articles of a personal nature, which have been affixed to
land."    Amos & Ferard on Fixtures, 1.    " It is not enough
that it has been laid upon the land, and brought into con-
tact with it; the definition requires something more than
mere juxtaposition."    Ib., 2.    " The annexation must be
actual, or constructive; by actual, is understood every mode
by which a chattel may be joined or united to the freehold.
The article must not, however, be laid upon the ground;
it must be fastened, fixed, or set into the land," &c.    Under
constructive annexation, is ranked, deeds, and other chat-
tels, relating to the title to the inheritance;" but loose
moveable machinery, not attached nor affixed, which is used
in prosecuting any business, to which the freehold is adapt-
ed, is not considered as an appurtenance."    1 Bouvier's Law
Dictionary, 529.    The general rule is, that fixtures once an-
nexed to the freehold, become a part of the realty; but
there is an exception—" where it has been annexed for the
purpose of carrying on a trade."    Ib., 529.    Wherever the
general rule, as to fixtures, has not been changed by stat-
ute, as has been the case in Pennsylvania, and perhaps else-
where, it will be found that the rulings follow the definitions
above given.    *Walker* v. *Sherman*, 20 Wendell, 636;
*Teaff* v. *Hewett*, 1 Ohio State, 511; *Cook* v. *Whi-*

*ting,* 16 Illinois, 480. And "as to mortgages, there seems to be no good reason for saying that they can be said to pass any different right, in respect to fixtures, than a conveyance." *Hitchman* v. *Walton,* 4 M. & W., 409 ; *Langstaff* v. *Meagoe,* 2 B. & Adol., 167 ; *Trapps* v. *Harter,* 3 Tynoh., 603.

Some modification has been ruled in reference to trade and ornamental fixtures ; but this modification is altogether favorable to the position taken for plaintiffs in the case at bar. Fixtures put up for purposes of trade and ornament, though actually affixed to the freehold, are now generally held not to pass to the mortgagee. *Winslow* v. *Merchant's Ins. Co.,* 4 Metcalf, 306 ; Amos & Ferard on Fixtures, sec. 4, commencing on 71.

But the definition of appurtenances, by the court below, is more glaringly erroneous. It is, in effect, that a thing corporeal can be appurtenant to a thing corporeal. This, we apprehend, upsets the whole doctrine of appurtenances, from the days of Lord Coke to the present. "A thing corporeal cannot be .appurtenant to a thing corporeal, nor a thing incorporeal to a thing incorporeal. Coke Lit., 12 1b.; *Harris et al.* v. *Elliott,* 10 Pet., 53 ; *Leonard* v. *White,* 7 Mass., 6, 7, & 8 ; *Jackson* v. *Hathaway,* 15 Johns., 454.

The district court held an appurtenance to be something of less dignity and importance than a fixture, and even went so far as to point out the particular articles, that under this designation, would pass to the mortgagee. Not only was the definition given by the court, completely at fault, but it was error to take from the jury, the application of this definition to the facts in the case, and state the precise articles that would come within it.

STOCKTON, J.—As to the first instruction asked by plaintiffs, and refused to be given by the court, we think it involved the whole question in dispute between the parties. The controversy between them was, whether the word "appurtenances " embraced the loose, moveable articles of per-

sonal property in the daguerrean rooms of the plaintiffs. So far as such articles of personal property were to be considered as appurtenances to the daguerrean rooms, and to the business carried on therein by the plaintiffs, we think they were to be considered as embraced by the words " appurtenances;" and the court, therefore, rightly refused to instruct the jury as asked.

The second instruction asked, had before been given by the court, in its charge to the jury, wherein they were told, that " if the property replevied was legally included in the mortgage to defendant, under the terms " fixtures and appurtenances," the action could not be maintained.

So far as there was any uncertainty as to the property conveyed, dependent upon the meaning of the words used, the proper construction of the instrument of writing was to be determined by the court.

The words, " fixtures and appurtenances," have acquired a peculiar and appropriate meaning, and were to be construed according to such meaning, having due reference to the context, and to the connection in which the words are used.

The evidence, in this instance, abundantly shows that there were " fixtures " contained in the rooms of the plaintiffs. That all the right and interest of the grantor, F. M. Pickerell, in and to the sky-light, balcony, partition, and all other property, confessedly embraced by the term ' fixtures,' passed to the defendant, there is no controversy. These are not, however, the subject of the present action. Under the term, " appurtenances," the defendant claims, also, the property included in the bill of sale from F. M. to O. F. Pickerell; and the court charged the jury, that they might consider the defendant as entitled to hold, under the term " appurtenances," all such property as pertained or belonged to the room, or as remained there permanently, and was used in carrying on the daguerrean business ; and that they might include in the same, all maps and pictures hanging on the wall, or affixed thereto, the stove and carpet, and all

apparatus and furniture necessary for a daguerrean room, with the machines and stock in the room, and all things used in carrying on the business.

Fixtures are personal chattels annexed to the freehold, and which may be severed and removed by the party who has annexed them, against the will of the owner of the freehold. Loose, moveable machinery, or chattels, not attached or affixed to the freehold, and used in the prosecution of any business to which the freehold is adapted, cannot be considered as a part of the real estate, nor as appurtenant to it. 12 N. H., 205. Appurtenances signifies something belonging to another thing as principal, and which passes as incident to the principal thing. 10 Peters, 25. It seems to us, not to have been the intention of the grantor to convey to the defendant, the room itself, of which he held a lease; but only to convey the fixtures and appurtenances therein, and belonging to it, as a daguerrean room.

Judgment affirmed.