No. 4024

(Court of Appeal, Parish of Orleans.)

W. W. WALL vs. SECURITY BANK AND TRUST COM-
PANY ET AL., DE SOTO LAND AND IM-
PROVEMENT CO., INTERVENOR.

1. Appurtenances are things belonging to another thing as
principal and which pass as incident to the principal
thing.
2. The word "appurtenances" must be construed in connec-
tion with the nature and object of the principal grant; in
other words, with reference to the context and to the con-
nection in which it is used.
3. A thing is deemed to be incidental or appurtenant to real-
ty when it is by right used with the realty for its benefit;
as in the case of a way or other servitude, or water course
or of passage for light, air or heat and such like,
4. Movable property which have never been immobilized by
destination do not pass as "appurtenances," with the
land.

Appeal from Civil District Court, Division C.

W. W. Wall, in proper person, for appellee.

Saunders & Gurley, for defendant and appellant.

Cage, Baldwin & Crabites, for defendant and appellee.

MOORE, J. Acting under an order issued out of the
United States Circuit Court for the Eastern District of Lou-
isiana and in the matter of Mrs. Felician Myles vs The New
South Building and Loan Association, the Master Commis-
sioner appointed by the Court for this purpose, sold at public
auction to the DeSoto Land and Improvement Company a
certain piece of property, which, omitting the meets and
bounds, was otherwise described as follows: "Two certain lots
of ground, together with all the improvements thereon, rights,
ways, privileges, customs, servitudes, advantages and appur-
tenances thereunto belonging, or in any wise appertaining,
(also the one-half of the brick walls on each side of said lots),
situated in the First District of this city, in the square bounded
by Baronne, Gravier, Dryades (formerly Phillippa) and Com-
mon streets, and designated by the numbers five and six on a
plan of the same and other lots annexed in the margin of an

act of sale from James Gallier to Wilson and Patterson, passed before H. B. Cenas, Esq., Notary in this city, on February 12th, 1840; said lots adjoin each other and measuring etc.; etc." On these lots there existed at the time of the sale a large office building and in the building there was contained a lot of movable property consisting of certain miscellaneous office furniture and fixtures, chandeliers and brackets and a set of Louisiana Annual Reports, all the property of the New South Building and Loan Association.

Subsequent to the sale of the realty these remaining assets of the Building and Loan Association, were, by order of Court and on application to that effect by the Receiver, ordered sold; whereupon a sale thereof, with the exception of two iron safes and the Annual Reports which had been sold to other parties, was duly made to the plaintiff herein, W. W. Wall.

Among the articles purchased by Wall were two chandeliers and several gas brackets, two book filing cases, a letter case and a lot of portable shelving. Wall, having complied with the terms of sale by paying the price, endeavored to take possession of these movables but the DeSoto Land and Improvement Company, the purchaser of the realty at the prior sale, refused to permit him to do so and asserted title and ownership thereto in itself. Thereupon Wall instituted suit against the Security Trust and Bank Company in whose possession the movables were held as the lessee of the DeSoto Land and Improvement Company, asserting his ownership to, and causing the sequestration of the property acquired by him. The Bank called its lessor, the DeSoto Land and Improvement Company, in warranty and the latter answered claiming title in itself.

There was judgment in favor of the plaintiff and the intervenor appealed. The contention of the DeSoto Land etc. Company is that the movables passed to it with the land forasmuch as they constituted the "*appurtenances*" to the property acquired by it, the order of Court under which the realty was sold, the advertisement thereof, and the deed of sale, declaring that the land 'together with the. . . appurtenances there to belonging or in any wise appertaining" were the things to be sold and which were sold to and acquired by the appellant. As defined by Bouvier, and whose definition is sustained by

numerous legal decisions, both English and American, appurtenances are "things belonging to another thing as principal and which pass as incident to the principal thing;" and, as said in Humphreys vs. McKissock, 140 U. S. 304-313; "A thing is appurtenant to something only when it stands in the relation of an incident to a principal, and is necessarily connected with the use and enjoyment of the latter".

Whilst thus defined the word has no inflexible meaning, but must be construed in connection with the nature and object of the principal grant, or, in other words, it must be construed with reference to the context and to the connection in which it is used.

For example, in the sale of a ship and its "appurtenances," the ship is the principal and all that is on board for the objects of the voyage and adventure in which she is engaged, belonging to the vendor, form an incidental to the principal and are necessarily connected with its use and enjoyment, hence all such incidental and appurtenant things pass with the sale of the ship. The Dundee 1 Haag Adm. 121. So again when the word is used in connection with the conveyance of a saw mill, it follows that the belting and mill chain-dogs and bars, they being but incidents to the principal—the saw mill—pass, as appurtenances, with the mill. Farrar vs. Stackford 6 Me. 154.

So the word may comprehend pictures hanging on the wall and carpets and stoves in a daguerreau room, they being the incidents to such a room, when the terms of the conveyance is "all the fixtures and appurtenances contained in the daguerreau room in the building, etc., etc " Pickerell vs Carson 8 Iowa 544.

But neither these things nor any other personal and movable property can ever be considered as incidental to real property and therefore comprehended under the term "appurtenances," when this word occurs in a deed of sale of realty. A thing is deemed to be incidental or appurtenant to realty when it is by right used with the realty for its benefits; as in case of a way or other servitude, or water-course, or of a passage for light, air or heat and such like.

In the instant cause the thing which constituted the principal in the sale to the appellant was the "two lots of ground." The things claimed by the plaintiff were never immobilized by destination; they were in no sense appurtenant to the realty

and were not necessarily connected with the use and enjoyment, and therefore did not pass with the land.

A somewhat similar question to the present one arose in Ottumwa Woolen Mill Co. vs. Hawley 44 Iowa 57. (24 Am. Rep. 719). The plaintiff's mortgage and deed of trust was on real estate aud covered the "appurtenances" thereon. Upon execution and sale of the property, certain personal property belonging to the mortgage creditor was found on the property which the purchaser claimed passed with the sale of the land. In the progress of the decision the Court said: "Counsel for appellant claim that as the mortgage or trust deed conveyed the premises with the appurtenances" something more is conveyed than the real estate. This being the usual form of conveyance of real estate, we are unable to see how personal property can be embraced therein. Appurtenances are things belonging to another thing as principal and which pass as incident to the principal thing. The term as used in conveyances passes nothing but the land and such things as belong thereto and are part of the realty."

In United States vs. Harris 1 Summ. (U. S.) 37, Story J. said:

"In a case where the words of a grant pass land 'with its appurtenances' the law will, in the absence of any controlling words deem the word 'appurtenances' to be used in its technical sense; and that construction will not be displaced until it is made manifest from other parts of the grant that some other thing was actually intended by the parties. I say until it is made manifest; by which I mean clearly and definitely ascertained that the word is used in another sense. I add also, from other parts of the same grant, for it is not open to parol evidence to explain or vary the legal sense. If there is anything in *rerum natura*, upon which the word can operate, that does not entitle the Court to desert the legal sense. It has been said by the Counsel for the defendant that there were buildings on No. 2 to which the word appurtenances is commonly applied. But such buildings are in no sense appurtenances; but if annexed to the freehold, they are a parcel of the land and pass as such by the deed. It is not, however, necessary to show that there are things granted to which the word applies. It is often thrown in conveyances without any actual knowledge of the premises, to avail, as far as it

may avail, by way of cautionary enlargement of the principal grant. If there be in fact no appurtenances then the words, like other expletives in a deed, is merely nugatory."

See also Bradford vs. Keefer No. 3883 of our docket (May 14th, 1906) and L'Hote vs. Fulham 51. An. 780.

The judgment appealed from is not error and it is affirmed.