*June Term, 1860.*

HASTINGS et al. v. GWYNN.

HASTINGS and another vs. GWYNN.

Complaint on an account alleged to have been due by the defendant to a certain firm, who assigned it (in 1857) to the plaintiff, of which assignment the defendant had notice. Answer, that defendant had not "sufficient information to form a belief," whether said account had been assigned to the plaintiff, and that the defendant (in 1858) settled said account with one of the part-

June Term,
1860.

HASTINGS et al.
v.
GWYNN.

ners, who was the authorized agent of the firm, and gave his negotiable note for the balance due thereon, which had been transferred to some third person: *Held,* on demurrer, that the answer did not contain a sufficient denial of the assignment. Such denial should have been of either *knowledge* or information sufficient to form a belief, &c.

*Held,* also, that whether the answer would have shown a good defense or not, if it had alleged that the execution of said note was before notice of the assignment of said account, it was clearly defective in not containing that allegation.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated sufficiently in the opinion of the court.

*H. W. Lander,* for appellants, contended that the allegation in the answer, that the defendants had not sufficient information to form a belief whether the indebtedness upon which suit was brought had been assigned to the plaintiffs, and whether they were then the owners of the same, did not amount to a denial but to an admission of the allegations in the complaint. Howard's Code, 235; Van Santvoord's Pl., 409–10, 436; *Chapman vs. Palmer,* 12 How., 37; *Edwards vs. Lent,* 8 id., 28; *Fales vs. Hicks,* 12 id., 153; *Elton vs. Markham,* 20 Barb., 343. The court will not assume in favor of a defendant anything he has not averred. *Cruger vs. Hudson R. R. R. Co.,* 2 Kern., 190.

*H. D. Patch,* for respondent. [No argument on file.]

November 19. *By the Court,* PAINE, J. This action was brought to recover the balance of an account, which the complaint alleges accrued against the defendant, in favor of the firm of Heaths & Farringtons, and was assigned to the plaintiff. It also avers that the defendant had notice of the assignment.

The only defense which the answer attempts to set up, is that the defendant had settled the account with one of the Heaths, who was the authorized agent of the firm, and had given his negotiable note for the amount due, which had been transferred to some third person, and was still outstanding. This answer was demurred to, and the court below overruled the demurrer, but for what reason we are unable to perceive. The complaint avers that the account was assigned to the plaintiff in November, 1857, and that the defendant had notice of it. The answer simply denies "suf-

ficient information to form a belief" whether this allegation of the complaint was true. This denial is insufficient, and the allegation must therefore be taken as admitted. The denial should have been of either "*knowledge* or information sufficient to form a belief." Van Santvoord's Pleadings, 436; 8 How., 28. The existence of the account and its assignment to the plaintiff, and notice to the defendant of that assignment, were all to be taken as admitted by the answer. Clearly, then, it was no defense to say that the defendant had settled with the assignors, without saying that he did so before notice of the assignment. The allegations in the complaint, which are admitted, being sufficient to show a *prima facie* liability, the burden was then on the defendant, if he sought to show a settlement with the assignors, to allege one which would amount to a defense. And this he could not do without averring that it was made before notice of the assignment. Whether the answer would have been sufficient with such an averment, it is not necessary to determine. But we think it is clearly insufficient without it.

The judgment is reversed, with costs, and the cause remanded for further proceedings.