GREEN vs. FEIL.

*(1) Principal and agent; special agency.   (2, 3) Grounds of reversal.*

1. Where A. orders in his own name, but, in fact, for the use and *as the agent* of B. (being duly authorized thereto), a chattel from a distant market, and the same is so sent as to make A. liable therefor to the vendor, he may pay for it, and, upon delivering it to B., may recover from him the amount so properly paid, although the chattel on its arrival was not in good condition, and the payment by A. was made *after* he had *notice* of that fact from B., who refused to receive it.

2. An error in the instructions which was not prejudicial to the appellant, is no ground of reversal.

3. A judgment will not be reversed on the mere ground that the verdict was contrary to the weight of evidence.

APPEAL from the County Court of *Milwaukee* County.

The complaint alleges, in substance, that, on etc., at defendant's request, plaintiff obtained one green turtle from the city of New York, for the defendant, at Milwaukee, at his (defendant's) risk and expense; that he paid therefor, in New

York, $20.40, which it was reasonably worth, and also paid the express charges from New York to Milwaukee, to wit, $4.35; and that defendant refused, on demand, to pay plaintiff said sums, for the aggregate amount of which, with interest, judgment is demanded.

The answer, after a general denial, avers that, on etc., the parties agreed that plaintiff should "furnish, sell and deliver" to defendant, at the city of Milwaukee, a live green saltwater turtle, at a fair price, "to be bred and kept alive on exhibition for two or three weeks, at defendant's restaurant in said city, and then to be served up in the usual way for his customers;" that afterwards, on the day named in the complaint, plaintiff delivered to defendant a turtle that was in a sick and dying condition, and wholly unfit for exhibition, or for the purpose of being served up to defendant's customers, and not such as defendant had agreed to purchase; that defendant immediately informed plaintiff that he would not accept the turtle, and that it was subject to plaintiff's order; that plaintiff did not take it away, and subjected defendant to expense and trouble in removing it from his premises, to his damage in the sum of $2; for which, with costs, judgment is demanded against the plaintiff.

The substance of the evidence, and of the instructions given to the jury, so far as they are important in this appeal, is stated in the opinion.

The plaintiff had a verdict and judgment; a new trial was denied; and the defendant appealed.

For the appellant, the cause was submitted on the brief of *D. E. Cameron.* He contended that, upon the evidence, the court should not have left it to the jury to find whether there was a contract of sale or an agency to purchase on plaintiff's part; and that at least it was the judge's duty to instruct the jury what facts, if found, would amount to a contract of sale, and what to such an agency (*Ranney v. Higbee,* 5 Wis., 70); that under the instruction given as to the defendant's rights

in case there was a contract of sale on plaintiff's part, the jury were bound to bring in a verdict for the defendant, and the verdict rendered should have been set aside on defendant's motion (*Eaton v. School Dist.*, 23 Wis., 374); that the court plainly erred in appending to the last named instruction in defendant's favor, a statement that if defendant had been put to any expense on account of the death of the turtle, he was entitled to *recoup* it against the plaintiff, since, if plaintiff had no cause of action, there could certainly be no recoupment; and that this error was injurious to the defendant, because it tended to perplex the jury, giving them to understand that even if plaintiff's contract was one of sale, defendant's right was limited to a recoupment. Counsel further argued that even if plaintiff was defendant's agent, he was a special agent for a single act, strictly bound by his instructions, and those with whom he dealt were bound to know what those instructions were, and comply with them, at their or his peril (Story on Agency, § 74; Paley on Agency, 3d Am. ed., 28; 1 Parsons on Con., 45, 80; *Hall v. Storrs*, 7 Wis., 259); and that, he being under special instructions to get a special thing for a special purpose in a special way, and having failed to do so, it was no excuse for him to say that the business was done according to custom. 1 Parsons on Con., 85; 5 Hill, 439.

For the respondent, the cause was submitted on a brief signed by *Sam. M. Dixon*, with *E. Mariner*, of counsel.

CoLE, J. The court below seems to have properly directed the jury, to meet the evidence on either side. The plaintiff insisted that he was acting as an agent merely in buying the turtle for the defendant, and that he assumed no personal liability in the matter. His evidence tended to sustain that view. And to meet that case the court told the jury, that if they found from the evidence that the plaintiff acted as agent for the defendant in ordering the turtle from New York, and if the turtle was shipped in good order, was injured before it

arrived at Milwaukee, without fault of the plaintiff, but the injury was not known to the plaintiff when the turtle was left by the carrier, then under no circumstances was the plaintiff liable for such injury, and, having paid therefor after its reception before knowledge of the injury, he was entitled to recover the amount paid of the defendant. We do not see that the defendant has any just ground to complain of this charge. There is nothing to show that the plaintiff did not act with proper diligence and care in the execution of his agency. It is true, he testified that he paid for the turtle after he had notice from the defendant that he did not want it. But it appears the turtle was purchased on his own credit, and the uncontradicted testimony shows that the turtle was healthy and strong, and in good condition, when shipped at New York, and that it is the custom of the trade for buyers to take the risk of turtles shipped to them. Under those circumstances, we do not see how the plaintiff could avoid paying for the turtle. The vendor of the turtle had the right to look to him for his pay, there being nothing to show that he was acting for another party. And if the plaintiff was acting as agent in the matter, upon what ground can it be claimed that he was responsible for an injury to the turtle while in transit?

But the defendant insisted that the plaintiff undertook to furnish, sell and deliver to him at Milwaukee a live salt-water turtle, which might be kept alive on exhibition two or three weeks at his restaurant, and then served up in the usual way to his customers; and that the turtle delivered was in a sick and dying condition, and wholly unfit for the purpose for which it was ordered. The court charged that if this was the contract, then the plaintiff was bound to furnish him with a healthy turtle, and if the one delivered was not sound, the plaintiff was not entitled to recover in the action. The court added in this connection, that if the defendant was put to any expense on account of the turtle, " he would be entitled to re-

coup it against the plaintiff." It is said, if the plaintiff was
not entitled to recover in the action, there could be no recoup-
ment; and this is so. But this inaccuracy in the expression
could not possibly have injured the defendant.

It is unnecessary to observe that we cannot go into an ex-
amination of the testimony to determine whether the verdict
accords with the weight of evidence. There is ample evidence
to support the finding of the jury; and the verdict is conclu-
sive upon the questions of fact.

*By the Court.*—The judgment of the county court is
affirmed.