### JENKINS and another vs. McCURDY.

*February 24—March 9, 1880.*

*(1, 2) Realty or personalty?    (3) Reversal for error of fact.*

1. What is in its nature, otherwise, personal property, nevertheless, when physically attached to the soil, or constructively attached by its use or intended use with the soil, will pass with the title to the realty.
2. While "slabs, sawdust, shavings and other refuse matter, used to fill up low and marshy ground," may be a part of the realty, "slabs and pieces of lumber suitable for firewood, piled up on the premises and intended to be used and removed as such," are personal property.
3. A judgment supported by the special findings of fact, in an action tried by the court alone, will not be reversed unless there appears to be a clear preponderance of evidence against such findings.

APPEAL from the Circuit Court for *Portage* County.

Plaintiffs appealed from a judgment in defendant's favor.

The appeal was submitted on the brief of *Finch & Barber* and *W. R. Barnes* for the appellants, and that of *G. W. Cate* for the respondent.

ORTON, J. This action is brought to enjoin the defendant from entering upon the lands of the plaintiffs and removing

earth or certain filling material, which had become part of the soil, and for the value of such material which has been thus removed. The defendant, by his answer, admits his entry upon the lands of the plaintiffs and removal of certain material therefrom, which he insists had not become a part of the soil or attached to the freehold, but consisted of fire-wood, piled up and so placed upon the premises as to be personal property, and that he was the owner of the same, and had the right to so enter upon the premises of the plaintiffs and remove it. This case involves the small amount of about nine dollars, and only one question, which is a mixed one of law and fact, and depends entirely upon the facts in proof, and will therefore be but briefly considered.

It appears that the plaintiffs purchased the premises of one Thompson; that at that time the material in question was upon the surface of the soil, either as fire-wood or filling; and that afterwards Thompson sold said material to the defendant, and the defendant entered the premises and removed a part of such material therefrom. The character of this material in its nature and uses, its situation upon the land as being actually and physically attached or detached, and the intention of the owner when it was so placed in respect to its use, are questions of fact necessary to be considered in determining the question of law as to whether this material had become a part of the realty, and passed by deed to the plaintiffs, or whether it was personal and movable property, and was sold to the defendant, and he thereby became the owner. The facts agreed upon, the questions of law are neither difficult nor doubtful. That which is in its nature otherwise personal, when physically attached to the soil, or constructively attached by its use or intended use with the soil, will pass with the title of the realty. Tyler on Fixtures, 59, 116; Ewell on Fixtures, 31; *Conklin v. Parsons*, 2 Pinney, 264.

The only question in this case is, Does the evidence show the material to have been " slabs, sawdust, shavings and other

refuse matter" used to fill up low and marshy ground near the mill, as claimed by the plaintiffs, or slabs and pieces of lumber suitable for fire-wood, and piled up on the premises and intended to be used and removed as such? On this question depends the legal conclusion that the material in question is, or is not, personal or real property; and on this question the evidence is conflicting and contradictory. The circuit court found that the facts justified the conclusion that the material was personal property and belonged to the defendant, and made a special finding of the facts upon which such conclusion was based. Against these findings there does not appear such a clear preponderance of the evidence as would warrant us in reversing them. *Green v. Feil,* 41 Wis., 620, and numerous other cases in this court, make this the true test for the exercise of this right by this court.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.