LIPSKY vs. BORGMANN.

*April 19 — May 10, 1881.*

PLEADINGS CONSTRUED. *(1) Title to land in issue. (2) Question of homestead not raised.*
REALTY OR PERSONALTY? *(3) When frame building a part of the realty.*

1. The complaint alleges, among other things, that plaintiff was the owner and in possession of certain land, and that defendant entered thereon and carried away and converted to his own use a certain building situate thereon, etc. The answer admits certain averments of the complaint, to the effect that defendant was sheriff, and as such levied upon and took into his custody said building, by virtue of an execution against plaintiff, and denies every other allegation of the complaint. *Held,* that this denial put in issue plaintiff's title to the land, and plaintiff, on recovering judgment, was entitled to *full costs.* R. S., secs. 2918, 3619. ·

2. Defendant's claim of right to levy upon the property in dispute being put entirely upon the ground that it was personalty, the question whether the premises described in the complaint were plaintiff's homestead, does not arise in the case.

3. On the land described in the complaint is a house occupied by plaintiff and family as a residence, and used also as a saloon. On one side of this main building, and next to the saloon, a wooden structure, thirty-two feet square, was erected by plaintiff, to be used in connection with the saloon as a dancing hall. The sills are fastened together at the ends with nails or spikes; the studding is fastened to the sills in the same way, and four or five feet apart; the plates are fastened in like manner at the top of the studding; the sills and plates are thirty-two feet long, of two by eight or two by ten timber; the sills rest at some places on the

ground, at others on cedar posts set into the ground, and on cedar railroad ties, and stones; a floor is laid over the whole space, in the center of which stands a post eight feet high, of six by eight timber, from the top of which four rafters extend to the plates; and the roof is now of brush. In a space between the buildings are constructed seats for musicians, twelve feet long, upon cross pieces fastened to both buildings; and a door is intended to open from the saloon into the dancing hall. The attached building is unfinished, but is used for the purpose intended, and is designed to be made more complete and permanent, and to be permanently used in connection with the main building, for domestic purposes and as a dancing hall. *Held*, that upon these facts the court below did not err in instructing the jury that such attached building was a part of the realty.

APPEAL from the Circuit Court for *Kewaunee* County.

The substance of the pleadings in this case is stated in the opinion. The circuit judge instructed the jury to find for the plaintiff, and to award him as damages the value of the building in question, with interest. Plaintiff had a verdict for $37.75; a new trial was refused; and judgment was rendered for the amount of damages above named, with full costs — the judge certifying that the action was one over which a justice of the peace had no jurisdiction, and that "a claim of title to real estate arose upon the trial." Defendant appealed from the judgment.[1]

For the appellant there was a brief by *Timlin & Manseau*, and oral argument by *Mr. Timlin*.

For the respondent there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

ORTON, J. It is alleged in the first count of the complaint, that the plaintiff was the owner and in possession of certain

---

[1] Sec. 2918, R. S., provides that "costs shall be allowed of course to the plaintiff in an action in the circuit court, upon a recovery, in the following cases, except when otherwise specially provided by law: 1. In an action for the recovery of real property, or when a claim of title to real property arises on the proceedings, or is certified by the court to have come in question at the trial."

land, and that the same was his homestead, and that the defendant entered upon said land and demolished, carried away, and converted to his own use a certain wooden building situated thereon; and in the second count it is alleged that the plaintiff was in possession of certain personal property, and that the defendant took and converted the same to his own use; and the complaint further states that the defendant was then acting as the sheriff of the county. The defendant by his answer admits that he was such sheriff, and alleges that as such he levied upon and took into his custody said building and other property, as the goods and chattels of the plaintiff, by virtue of an execution in his hands against said plaintiff, and *denies* each and every allegation of the complaint not thus admitted. This is the substance of the pleadings. This *denial* clearly puts in issue the title of the plaintiff to the land upon which the trespass is alleged in the first count of the complaint to have been committed, and of itself makes a proper case for the recovery by the plaintiff of full costs in the circuit court if he succeeds in the action. It not only makes a case under subdivision 1 of sec. 2918, R. S., "when a claim of title to real property arises on the proceedings," but divests a justice of the peace of jurisdiction in the case, under section 3619, R. S., because the answer "states facts showing that the title of lands will come in question." It is, therefore, unnecessary to consider the question whether the certificate of the court "that a claim of title to real estate arose upon the trial," was sufficient to authorize the plaintiff to recover costs, or the objection to such certificate on the ground of its verbal departure from the language of the statute. It is also unnecessary, in this case, to decide whether such certificate, if it had been in the very words of the statute, would be conclusive of the facts stated in it — which is a question yet undecided by this court,— as in *Soper v. Barker*, 36 Wis., 656.

The question attempted to be raised upon the trial and argued in the brief of appellant's counsel, whether the premises

described in the complaint were the homestead of the plaintiff and therefore exempt from execution, could not properly arise in the case and is immaterial.  The defendant does not pretend, either in his answer or evidence, that he levied upon the land of the plaintiff; and he justifies his levy upon the building and its removal from the land solely on the ground that it was personal property, and not attached to the soil as a part of the realty, and therefore liable to seizure on execution as the goods and chattels of the plaintiff.  The exceptions taken at the trial upon the admission or exclusion of testimony are quite trivial, and we think groundless; and as they are merely stated and not supported in the brief of the learned counsel of the appellant, they will be passed without further notice.  The only other and the real question in the case is the one prefigured in the pleadings, and the only one seriously litigated on the trial; which is, whether the wooden building situated upon the land of the plaintiff, and so levied upon, demolished and taken away by the defendant, was at the time personal property or a part of the soil.  The circuit court having ruled and instructed the jury that the building was a part of the realty, and this being a mixed question of law and fact, it becomes necessary to review briefly the evidence bearing upon it.

There is a dwelling-house on the land, occupied by the plaintiff and his family as a residence, and used also as a saloon.  The building in question is erected on one side of this main building, and next to the saloon, and built there by the plaintiff for the purpose of being used in connection with the saloon as a dancing hall.  It is thirty-two feet square, the sills are fastened together at the ends with nails or spikes, the studding is fastened to the sills in the same way, and four or five feet apart, and on the top of the studding are fastened the plates in the same way; and the sills and plates are thirty-two feet in length, and two by eight or two by ten inches square. The sills rest at some places on the ground, and at other places on cedar posts set into the ground, and on cedar railroad ties

and stones.  A floor is laid over the whole space, in the center of which stands a post eight feet high, and six by eight inches square, from the top of which extend four rafters to the plates. The roof is intended to be square and four-cornered, and now consists of brush.  There is a space between the buildings, and in it are constructed seats for the musicians, twelve feet long, upon cross pieces fastened to both buildings, and a door is intended to open from the saloon into the dancing hall.  It is in an unfinished condition, but used for the purpose intended; and it is intended to be made more complete and permanent, and to permanently remain, to be used in connection with the main building for domestic purposes, and, in connection with the saloon business, as a dancing hall.  The testimony on behalf of the defendant as to the frail character of this building, and the testimony offered by him and rejected, as to similar structures and how they were regarded, do not in the least militate against this statement of the evidence.  As the circuit court virtually took the question from the jury, and decided that from this evidence this building was a fixture, the question here is, Would the jury have been justified in finding otherwise? or, in other words, Would the verdict be allowed to stand, on motion for a new trial, if they had so found?  If not, the circuit court committed no error in taking the question from the jury and so deciding.  From the character, situation and intended use of this building, as disclosed by this evidence, there can be no question that it was affixed to the soil and is a part of the realty.  By the current of authorities it has all the requisites to make it such.  It was constructed by the owner of the land.  It has sufficient actual physical attachment to the main building and the soil, and was intended to be permanent, and to be always used, not only with the main building but for similar purposes, and not intended ever to be removed.  To support this ruling, I need only to refer to some of the late decisions of this court, and in cases where the facts were not nearly as conclusive as in

this case, and yet the constructions were held to be fixtures and not personalties. *Huebschmann v. McHenry*, 29 Wis., 655; *Kimball v. Darling*, 32 Wis., 675; *Jenkins v. McCurdy*, 48 Wis., 628; and *Taylor v. Collins*, 51 Wis., 123. We can find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.