AMES. Respondent, vs. MEEHAN and others, Appellants.

*May 5 — June 1, 1885.*

*Costs: Jurisdiction of J. P.*

A justice of the peace has no jurisdiction of an action for the conversion of timber wherein the title to land is put in issue by the pleadings and necessarily litigated and determined on the trial; and if the plaintiff recover in such action in the circuit court, he is entitled to costs, without regard to the amount of the recovery.

APPEAL from the Circuit Court for *Portage* County.
The facts sufficiently appear from the opinion.
The cause was submitted for the appellants on the brief of *G. W. Cate*, and for the respondent on briefs by *Pike & Van Keuren*.

LYON, J. This appeal presents for determination only a question of costs. The action is to recover the value of certain timber wrongfully cut upon and taken from the

plaintiff's land, and alleged to have been converted by the defendants. It was brought in the circuit court, and the plaintiff recovered a judgment for $38.75 damages, and for full costs taxed at $150.90.

This being an action for a tort, and the damages recovered being less than $50, it is claimed that the defendants were entitled to costs. This is a correct proposition if the action was within the jurisdiction of a justice of the peace. R. S. sec. 2918, subds. 3, 5; sec. 2920.

The complaint alleges that the plaintiff is the owner of the land upon which the timber in question was wrongfully cut. The answer is that the defendants "have no knowledge" as to whether he is such owner or not. This special averment is defective as a denial of ownership, in that it fails to allege a want of information, as well as knowledge. R. S. sec. 2655. But the answer also contains a general denial, and this puts in issue the title of the owner. There is no bill of exceptions in the case, but the record shows a special verdict, in which the first fact found is that the plaintiff is the owner of the land described in the complaint. Thus it appears that the question of title was put in issue by the pleadings, and was necessarily litigated and determined on the trial.

A justice of the peace has no jurisdiction over such an action (R. S. sec. 3573, subd. 3), and hence costs were properly awarded to the plaintiff, without regard to the amount of his recovery.

*By the Court.*— Judgment affirmed.