See note to this case in 35 N. W. Rep. 30.— REP.

---

MAXIM, Respondent, vs. WEDGE, Appellant.

*October 12 — November 1, 1887.*

*Costs on judgment in tort: Pleading in trespass to land.*

1. In an action for trespass to real property, where the complaint alleges title and possession in the plaintiff, an answer which denies knowledge or information sufficient to form a belief as to the ownership of the land puts the plaintiff's title in issue.

2. An action for trespass to real property, where the plaintiff's title is put in issue by the pleadings, is not within the jurisdiction of a

justice of the peace; and under sec. 2918, R. S., the plaintiff, if successful, is entitled to recover full costs though he recovers less than $50 damages.

APPEAL from the Circuit Court for *Winnebago* County. The case is sufficiently stated in the opinion.

*Elihu Colman*, for the appellant, argued, among other things, that the plaintiff's title and possession were both admitted in the answer and a stipulation served and filed before the trial, and on her recovering less than $50 damages the defendant was, under sec. 2920, R. S., entitled to costs. The plaintiff's title is admitted by defendant's plea of license, and also by his denial of the trespass. *McCarron v. O'Connel*, 7 Cal. 152; *Wickham v. Seely*, 18 Wend. 649. It was unnecessary for the plaintiff to plead his title, and his having so framed his complaint as to compel defendant to deny it does not entitle him to costs. *Rathbone v. McConnell*, 21 N. Y. 466; *Langdon v. Guy*, 91 id. 660; *Learn v. Currier*, 15 Hun, 184.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.

ORTON, J. The complaint substantially alleges that the plaintiff was the owner and in possession of the premises upon which the trespass was committed, and that the defendant, without leave of the plaintiff, entered said premises and cut and girdled eleven ornamental shade-trees of the value of $300, and that the land upon which said shade trees were growing was thereby greatly damaged, and lessened in value to the amount of $700, to his damage of $1,000. There is an allegation, also, that said land was owned and occupied by the plaintiff as her homestead. The defendant alleged in his answer, substantially, that he has no knowledge or information sufficient to form a belief as to the ownership of the said land, and that he so entered under license, etc. This averment of the defendant's want

of knowledge or information sufficient to form a belief put the plaintiff to proof of her ownership of the land. Van Santv. Pl. 436; *Hastings v. Gwynn*, 12 Wis. 671; *Boorman v. Am. Exp. Co.* 21 Wis. 152; sec. 2655, R. S. The plaintiff recovered only five dollars damages, and judgment was rendered in her favor for said five dollars damages, together with $196 taxable costs.

The defendant appealed from that part of the judgment allowing the plaintiff said costs, and claims that the plaintiff was not entitled to costs on said recovery, and that he was entitled thereto because the plaintiff recovered in the circuit court less than $50 damages. This is the only question. The learned counsel of the appellant, in support of said claim, contends (1) that this case is governed by subd. 5, sec. 2918, and sec. 2920, R. S., the first giving full costs to the plaintiff in actions of tort, when $50 or more is recovered, and the latter giving costs to the defendant when the plaintiff is not entitled thereto. (2) That this action is for the unlawful cutting of timber where the value thereof recovered does not exceed $50, as provided in ch. 147, Laws of 1880, amending sec. 2922, R. S. (3) That the claim of title to real property did not necessarily arise on these proceedings.

1. This is an action in tort, it is true, but it is also an action of trespass to real property, where the title of the plaintiff to the *locus in quo* is put in issue by the pleadings, and therefore it could not have been brought in a justice's court. The recent case of *Ames v. Meehan*, 63 Wis. 408, is in point. That was an action of trespass for cutting timber, and the plaintiff alleged title and possession in himself of the land, and the answer contained a general denial. The recovery was less than $50 damages, and $150.90 costs. It was held that a justice of the peace had no jurisdiction of the action, because the title to the land was put in issue by

---

Maxim vs. Wedge.

---

the pleadings, and that the plaintiff was entitled to full costs.

2. Ch. 147, Laws of 1880, amending sec. 2922, R. S., relates to a particular class of actions "founded upon the unlawful cutting of timber," the same as in sec. 4269, R. S., "to recover the possession or value of logs, timber, or lumber, wrongfully cut upon the land of the plaintiff;" and certain peculiar statutory provisions relate to that class of cases. This is strictly an action of trespass, where the damages arise from permanent injury to the freehold.

Therefore, third, the title of the plaintiff may properly be alleged and put in issue by the answer. The case of *Lipsky v. Borgman*, 52 Wis. 256, was for entering upon the land of the plaintiff and carrying away a certain building. The answer was a general denial. It was held that "this denial puts in issue the title of the plaintiff to the land upon which the trespass is alleged, in the first count of the complaint, to have been committed, and of itself makes a proper case for the recovery by the plaintiff of full costs in the circuit court, if he succeeds in the action." It not only makes a case under subd. 1, sec. 2918, R. S., "when a claim of title to real property arises on the proceedings," but divests a justice of the peace of jurisdiction in the case under sec. 3619, R. S., because the answer "states facts showing that the title of land will come in question." The above recent cases in this court rule this case in all particulars as to the question of costs, without further argument or citation of authority. The stipulation of the defendant that the plaintiff was the owner of the land, only dispensed with the proof of that fact. It did not divest the case of that issue. It is clear that full costs were properly allowed to the plaintiff.

*By the Court.*— That part of the judgment of the circuit court appealed from is affirmed.