WOLFE, Appellant, vs. FURMAN and another, Respondents.

*February 3—February 22, 1910.*

*Costs: Replevin: Title to land.*

In replevin for hay, an allegation in the complaint that the hay
was cut from certain land, and a finding by the court that one
A. was the owner of the land from which it was cut, do not
show that the title to real property came in question so as to
entitle plaintiff to costs on that ground upon a recovery of less
than $50, where the pleadings did not put in issue the title to
the land and the trial court found that it did not come in ques-
tion.

APPEAL from a judgment of the circuit court for Wash-
burn county: A. J. VINJE, Circuit Judge. *Affirmed.*

This was an action of replevin commenced in the circuit
court for Douglas county, and afterwards removed to the
circuit court for Washburn county, to recover the possession
of a quantity of hay alleged to be owned by the plaintiff.
The complaint alleges that the value of the hay is $150 and
that the same had been wrongfully taken and detained by the
defendants.   The answer was in substance a general denial.
The jury returned a special verdict finding the value of the
hay cut and removed from the land in question to be $40.
In addition to the finding of the jury the court made the fol-
lowing findings of fact on the issues raised by the pleadings
and not covered by the verdict: That at all the times men-
tioned in the complaint one Frederic Ayer was the owner of
the lands described in the complaint and that during all of
said time I. W. Burhans was his agent; that on the 10th day
of July, 1908, said I. W. Burhans, as agent of said Ayer, sold
to the plaintiff and granted him a license in writing to cut
and remove all the grass growing on the lands described in
the complaint for that year; that during the month of Au-
gust, 1908, defendants entered upon said lands and cut and

removed the hay in question without permission or authority, and mixed and confused the same with other hay grown upon defendants' lands, and stacked the same on the lands of one James Furman; that after said hay was cut and removed by defendants said I. W. Burhans, as agent of said Frederic Ayer, gave a further writing to the plaintiff purporting to sell and convey the hay cut from the lands described in the complaint, and assigning to him any and all right of action he may have against the defendants by reason of such unlawful cutting; that on the 20th day of November, 1908, by virtue of the writ of replevin issued herein, the sheriff of Washburn county seized and took possession of the hay described in the complaint, and still holds it subject to the order of this court; that defendants did not give bond for the release of said hay according to sec. 2888, Stats. (1898).

As conclusions of law the court found that at the time of the commencement of this action the plaintiff was the owner and entitled to the possession of the hay cut from said lands; that the defendants unlawfully cut and removed the same from said lands and mixed and confused it with other hay grown on the premises of one James Furman; that the plaintiff is entitled to judgment for the value in money of the hay as found by the jury, and that nothing should be allowed the defendants as compensation for their labor and services in cutting and removing said hay; that no question of title to real property was presented by the pleadings, and no such question arose on the proceedings or came in question at the trial; and that defendants are entitled to costs.

A dispute having arisen as to which party was entitled to costs, plaintiff moved the court for an order certifying that the question of title to real property arose and came in question at the trial, and allowing him costs in the action, which motion was denied and costs were allowed the defendants. Judgment was entered in favor of the plaintiff for the value of the hay as found by the jury, and for costs in favor of the

defendants, and directing that the plaintiff's damages be off-set against the defendants' costs, and that they have judgment for the balance—$21.01; from which judgment this appeal was taken.

For the appellant there was a brief by *Catlin, Butler & Lyons,* and oral argument by *T. L. McIntosh.*

*A. L. Bugbee,* for the respondents.

Kerwin, J. The only question before us is one of costs. It is claimed by appellant that, although the value of the property recovered in the action was but $40, the title to land came in question, hence the plaintiff was entitled to costs. The court below found that the question of title to real property was not presented by the pleadings, nor did it arise on the proceedings or come in question at the trial, and that the defendant was entitled to costs. There is no bill of exceptions; therefore we need only inquire whether the judgment is warranted upon the findings. The defendant was entitled to costs upon the findings unless the title to real property was in question. Secs. 2918, 2920, Stats. (1898). The mere fact that the complaint alleged that the hay was cut from real property did not necessarily show that the title to land came in question, nor did the finding that one Ayer was the owner of the land from which it was cut. That the title to the land was admitted or not disputed is consistent with the findings and judgment. Appellant relies upon several decisions of this court which we will briefly consider. In *Lipsky v. Borgmann,* 52 Wis. 256, 9 N. W. 158, the title to land was put in issue by the pleadings and, as the court said in that case, made a proper case for recovery of costs. *Ames v. Meehan,* 63 Wis. 408, 23 N. W. 586, was an action brought in circuit court for the recovery of the value of timber alleged to have been wrongfully cut and removed from the plaintiff's land. Plaintiff recovered $38.75. In this case also the title to the land from which the timber was cut was put in issue by the

pleadings.   In the case before us the pleadings did not put
the title to any land in question. · The title to the hay alleged
to have been cut from certain land was in issue by the plead-
ings, but not the title to the land from which it was cut.
*Maxim v. Wedge,* 69 Wis. 547, 35 N. W. 11, was an action
for trespass to real estate in cutting trees thereon.   The title
was put in issue by the pleadings.   The above cases relied
upon by the appellant are distinguished from the case before
us in this: that in the instant case the title to the land was
not put in issue by the pleadings and there is nothing in the
record to show that it came in question, and the court below
found that it did not.   The judgment below is right and
must be affirmed.

   *By the Court.*—The judgment is affirmed.