THE AETNA LIFE INSURANCE COMPANY v. FRANKS.

1. **Homestead:** MORTGAGE: HUSBAND AND WIFE. A mortgage on the homestead, to which the signature of the wife was procured by the fraud of her husband, cannot be held invalid on that ground, where the fraud was not shared in, or known to, the mortgagee. In the absence of fraud on his part, or mutual mistake, the want of concurrence necessary to invalidate the instrument must be apparent on its face. Following *Edgell v. Hagens et ux., ante,* 223.

*Appeal from Jones Circuit Court.*

WEDNESDAY, JUNE 9.

ACTION to foreclose a mortgage executed by E. M. Franks, now deceased, and by his wife, the defendant, Sarah D.

Franks. The mortgage covers a large quantity of land in Jones county, including what was at the time of its execution, and still is, the homestead of Sarah D. Franks. She sets up that the mortgage is invalid so far as the homestead is concerned. The evidence shows conclusively that she did not intend to join in a mortgage which would include the homestead; that she made known her intention in this respect; that she was, however, unacquainted with the description of the land which constituted the homestead, and was induced to join in the mortgage by false representations that the homestead was not included. 

The court granted a decree foreclosing the mortgage upon the homestead as well as the other property. She appeals.

*I. M. Preston* and *E. Keeler*, for appellant.

*Sheean & McCarn*, for appellee.

ADAMS, CH. J. The false representations were made by her husband, E. M. Franks, and one Frank Keenan. The representations were known to the persons making them to be false, and they were made for the purpose of deceiving the appellant, and as the only means of obtaining her signature to a mortgage which should cover the homestead. If the mortgagee, the appellee, was a party to the fraud, the mortgage, so far as it covers the homestead, is of course invalid. The appellant contends that the appellee was a party to the fraud. She contends that Keenan was the appellee's agent.

1. HOME-STEAD: mortgage: husband and wife.

The evidence shows that the loan was negotiated by or through one Wilcox, who resided at Cedar Rapids and was engaged in the business of negotiating loans. Wilcox made an examination of the property afterward embraced in the mortgage. After the mortgage was drawn, which was done at Cedar Rapids, Franks was notified to meet Wilcox at Anamosa and bring his wife with him for the purpose of executing the mortgage. Franks went to Anamosa but did not

take his wife with him. The mortgage was then handed by Wilcox to Franks, who took it home with him for the purpose of executing it himself and procuring his wife to join with him. When he was about to proceed to obtain his wife's signature he took Keenan with him to assist him in practicing upon her whatever deception was necessary to conceal the fact that the mortgage embraced the homestead and to induce her to join in the execution of it in ignorance of such fact. They succeeded, and the mortgage was taken by Franks to Wilcox at Cedar Rapids, and the loan was obtained upon it.

There is not the slightest evidence, however, that Keenan was employed by Wilcox or the plaintiff company in the transaction, or was known by either Wilcox or the company to have had anything to do with it, or that he had, or undertook to have, anything to do with it in behalf of the company. There was in fact nothing for the company to do through any agent between the time the mortgage was handed by Wilcox to Franks at Anamosa and the time it was returned by Franks to Wilcox at Cedar Rapids. There is a little evidence tending to show that Keenan had acted for the company in other matters, but even this is disputed. Whatever the fact may be, there is no evidence that he acted for the company in this transaction.

The appellant insists that even if this is so the company cannot escape the effects of the fraud, because, as she insists, her husband was the company's agent.

In our opinion this position cannot be maintained. It was not the company's business to procure the mortgage to be executed, and it did not undertake to do it. It simply demanded a mortgage executed by both husband and wife, as a condition of the loan. Franks and wife constituted one party to the contract, and the company the other. The company had no occasion to employ an agent to help Franks and wife, or either of them, to make their side of the contract intelligently, nor was the company charged with any duty in this

respect. This point was expressly ruled in *Edgell v. Hagens*, *ante*, 223.

But it is said that a wife cannot properly be said to concur in the execution of an instrument which she is induced to sign only by deception, and that the mortgage should be held void even though the mortgagee were not a party to the fraud.

But in the absence of fraud by the mortgagee, or mutual mistake, we must look to the instrument alone to determine whether she concurred in it. *Edgell v. Hagens*, above cited. It cannot be contradicted by parol testimony. It is undoubtedly true that many married women execute deeds and mortgages in profound ignorance of their contents, and with unlimited confidence that their husbands will not mislead them. But they cannot be allowed to plead their ignorance and confidence, to the detriment of innocent parties.

The decree must be

AFFIRMED.