# Sharp *v.* Robertson's Executors.

*Statutory Action in nature of Ejectment.*

1. *Contracts of infants ; by whom avoided.*—The contracts of an infant, whether executed or executory, are voidable at his election—subject to be affirmed or disaffirmed by him on attaining his majority; and while this privilege is personal, not being transferable, nor capable of exercise by any third person during the life of the infant, it may be exercised, in the event of his death during minority, by his legal representatives, who, where the contract is a sale or conveyance of lands, are his heirs, or privies in blood, succeeding to his estate,

2. *Conveyance of lands adversely held.*—A conveyance of lands which are at the time in the actual occupancy of a third person, claiming adversely to the grantor, though without color of title, is void as against such adverse holder; as where he holds and claims under a parol contract of sale, which is voidable.

3. *General exception to charge.*—A general exception to a charge asserting several separate and divisible propositions, one of which is correct, can not be sustained.

4. *Errors assigned, but not insisted on.*—Assignments of error, not insisted on in the brief or argument of counsel, will be regarded as waived.

APPEAL from the Circuit Court of Fayette.

Tried before E. A. POWELL, Esq., an attorney of the court, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by Mrs. D. J. Sharp, against the executors of John C. Robertson, deceased, to recover an undivided one-sixth interest in a tract of land particularly described in the complaint; and was commenced on the 10th January, 1882. The defendants pleaded not guilty, the statute of limitations of ten years, and adverse possession by their testator at the time of execution of the deed under which plaintiff claimed; and issue was joined on all of these pleas. On the trial, as appears from the bill of exceptions, it was shown that the lands sued for had belonged to W. O. Strickland, and were in his possession at the time of his death, which occurred prior to the year 1860; that the heirs-at-law of said Strickland were his four daughters, Rowena (the wife of S. A. McGinnis), M. A. McGinnis (the wife of L A. McGinnis), Louisa Perkins, and Jane Strickland; and that said Jane Strickland died on the 20th October, 1866, at about the age of seventeen years, leaving no descendants. Plaintiff then read in evidence a deed dated May 6th, 1868, by which said Rowena and M. A. McGinnis and their respective husbands conveyed to her their entire interest in the lands, and rested her case. "Defendants then read to the jury a deed dated January 20th, 1865, by which said Rowena McGinnis and her husband conveyed to said John C. Robertson, defendants' testator, their entire interest in the lands sued for; and offered in evidence another deed, dated May 18th, 1866, which purported to be made by said M. A. McGinnis and her husband, but was signed and acknowledged by her only, and which recited that it conveyed to said testator all their interest in said lands;" which last deed was admitted by the court, against plaintiff's objection and exception, "not as evidence of title, but to show color of title;" and they also read in evidence a third deed, dated March 17th, 1873, by which said Louisa Perkins and her husband conveyed to said testator their interest in said lands. "Defendants then offered evidence tending to show that their testator went into possession of said

land in 1866, and had continued in the open, notorious, quiet and uninterrupted possession of the same, accompanied with acts of ownership, up to the commencement of this suit ; also, that their said testator purchased of said Jane Strickland, in 1866, her entire interest in said lands, and paid her for the same in money, goods, &c. ; that no deed was executed, but their testator had possession of said land at the time ; and they offered no written evidence of title to the share of said Jane Strickland. Plaintiff objected to the introduction of this evidence, because said contract was violative of the statute of frauds, and because the same was voidable, being a transaction with a minor ; " which objections were overruled by the court, and exceptions duly reserved by plaintiff. " Plaintiff then stated to the court, that she sued only for the shares of said Rowena and M. A. McGinnis in the interest of said Jane Strickland, or one-sixth interest in the lands."

" This was all the evidence offered or given. Thereupon, the court charged the jury, among other things, that if they should believe, from the evidence, that defendants' testator bought from Jane Strickland her interest in her father's lands, and paid for the same, and was put in possession by her, said transaction was not void, but voidable only, even if she was a minor at that time; and that she alone could repudiate said trade; and if she died during minority, without having repudiated such trade, that the same must stand. The court charged the jury, also, that if defendants' testator, through whom they claimed possession, was in open, notorious, and adverse possession of the land, exercising acts of ownership over it, at the time plaintiff purchased from said McGinnises and their wives, then plaintiff can not recover in this action, because there was an adverse possession by another at the time of her purchase. To the giving of these charges plaintiff excepted."

The court also gave the following (with other) charges, on the request of the defendants : 1. " If the jury believe, from the evidence, that the defendants and their testator, through and from whom they claimed possession, have been in continuous, actual occupancy of the lands sued for, independently, and under claim of right, for ten years, this is equivalent to a legal title, on which this action may be defeated; and neither title, nor color of title, is necessary to perfect this right." 4. " If the jury believe, from the evidence, that defendants' testator was in adverse possession of the lands sued for, before and at his death, and that such possession was continued by defendants, through their testator, either under paper title or otherwise, for ten years before the commencement of this suit, then plaintiff can not recover in this action." To each of these charges exceptions were reserved by the plaintiff.

The several charges given, to which exceptions were reserved, are now assigned as error.

GARRETT & PHELAN, for appellant, cited Ewell's Leading Cases, p. 90, and authorities there referred to.

NE SMITH & SANFORD, with H. C. TOMPKINS, *contra*, cited *Riggs v. Fuller*, 54 Ala. 141; *Ryan v. Kilpatrick*, 66 Ala. 332; *Eureka Co. v. Edwards*, 71 Ala. 248; *Jones v. Davis*, 2 Ala. 230; *Insurance Co. v. Goodman*, 32 Ala. 108; *Hammett v. Brown*, 60 Ala. 49ᴥ; *Humes v. Bernstein*, 60 Ala. 582; *Smith v. Roberts*, 62 Ala. 83; *Wilson v. Glenn*, 68 Ala. 383.

CLOPTON, J.—The contracts, executory or executed, of an infant are voidable, subject to be affirmed or disaffirmed at his election, on arriving at full age. The privilege of avoiding the contract is personal, conferred on the infant himself. During his life, no other party can avoid the contract. Interference by strangers, wrong-doers, or persons having no interest in the subject-matter, will not be tolerated or permitted; and the privilege not being transferable, can not be exercised by assignees, or privies in estate. Although the privilege is said, generally, to be personal, it extends to his legal representatives, who may, after his death, affirm or disaffirm the contract of the infant, in regard to matters where they succeed to his interest, or represent him.—*Jefford v. Ringgold*, 6 Ala. 544. And it may be regarded as settled, that an infant's contracts, in reference to the sale or conveyance of land, may be avoided by his heirs, or privies in blood, who succeed to his estate. *Ferguson v. Bell*, 17 Mo. 348; *Breckenbridge v. Ormsby*, 1 J. J. Marsh. 248; *Levering v. Reigbe*, 2 Md. Ch. Dec. 88; *Smith v. Mays*, 9 Mass. 62; Ewell's Lead. Cas. 89. The court erred in instructing the jury, that if the infant died without having repudiated the contract, it must stand; it having been shown that she died during infancy.

It has been uniformly held in this State, that a conveyance of lands which are, at the time of the conveyance, in the adverse possession of a third person, under claim of right, is void as against the adverse holder, and will not sustain an action of ejectment against him to recover possession.—*Bernstein v. Humes*, 60 Ala. 580. That the adverse possession may have this effect, there must be actual occupancy; but color of title is not requisite. The fact that the adverse holder claims under a parol contract of sale, which conveys no title, and is voidable, is immaterial. It is sufficient as a claim of right or ownership.— *Vandiveer v. Stickney*, 75 Ala. 225. The charge

[McHan v. Ordway, Dudley & McGuire.]

of the court on this subject asserted a correct proposition of law.

The exception to the *general* charge of the court, which asserts separate and divisible propositions, is general; and one of them being correct, the error above mentioned can not work a reversal.

The only other errors insisted on in the argument of counsel, are as to the first and fourth charges given at the request of defendants. We find nothing objectionable in these charges, when considered in connection with the evidence. The charges state, hypothetically, the facts requisite to complete the bar of the statute of limitations; which, when complete, gives to the party, in whose favor it has run, a right on which he may prosecute or defend an action of ejectment.—*Farmer's Heirs v. Eslava*, 11 Ala. 1028.

We do not consider the other assignments of errors, as, not having been insisted on in argument, they will be regarded as waived.—*Robertson v. Bradford*, 73 Ala. 116.

Affirmed.