The German Bank vs. Muth.

———

The German Bank, Respondent, vs. Muth, imp., Appellant.

*May 5 — May 21, 1897.*

*Mortgages: Setting aside for fraud: Failure to ascertain contents: Husband and wife.*

In a proceeding by the wife of a mortgagor to set aside the mortgage so far as it affected her dower and homestead rights in a portion of the land, she testified that she could read English print with difficulty and English script not at all; that she intended to execute the instrument, but that she had been induced by her husband to believe that the mortgage covered his store property only. The mortgage was regular upon its face, and no fraud was charged against the mortgagee. The attorney who took the wife's acknowledgment testified that he either read the mortgage to her, or asked her if she knew its contents, and she had replied that she did, basing his testimony upon the fact that he never took an acknowledgment without doing one or the other. *Held,* that a finding that the wife voluntarily executed the instrument knowing its contents should not be disturbed on appeal.

Appeal from a judgment of the circuit court for Sheboygan county: N. S. Gilson, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

*Alexander Meggett,* for the appellant.

*Francis Williams,* for the respondent.

CASSODAY, C. J.   It appears from the record: That April 1, 1893, the defendants Henry and *Ernestine Muth* executed and delivered to the plaintiff a mortgage, to secure an indebtedness of $10,000 and interest, upon three separate pieces of real estate, one known as the store property, another as the homestead, and still another as two lots.   That, default having been made in the payment, this action for the foreclosure of the mortgage was commenced January 28, 1895.   That such proceedings were had therein that judgment was entered upon the default of all the defendants, April 18, 1895, for $10,740.60.   That February 28, 1896, that judgment was, upon motion of the appellant herein, vacated and set aside as to her, so far as it covered the homestead and her inchoate right of dower in the two lots mentioned.   That among such motion papers is an answer of the appellant to the effect that she had but little experience in business matters; that she was able to read printed English with difficulty, and written English not at all; that she was requested to sign the mortgage by her husband, who told her it covered his store property; that, for the purpose of obtaining her signature to the mortgage, her husband deceitfully concealed from her the fact that the mortgage was also upon the homestead and upon the two lots mentioned; that she did not intend to make or give a mortgage upon her homestead, nor upon said lots, and did not know that they were included in the mortgage so given; that she was not indebted to the plaintiff in any sum; that the indebtedness secured by the mortgage was for money loaned to her husband long prior to the execution of the mortgage.   That upon the issues raised by such answer the case was tried by the court.   That at the close of the trial the court found, as matters of fact, in effect, that the defendants Mr. and *Mrs. Muth* executed under their hands and seals, and delivered to the plaintiff, the mortgage in question; that said mortgage was duly attested by two sub-.

scribing witnesses, and duly acknowledged, so as to entitle the same to be recorded, and was duly recorded, as set out in the complaint; that *Mrs. Muth* signed, acknowledged, and delivered the said mortgage knowing at the time that the same covered the property therein described, including her homestead, and that she was not deceived or misled as to the property therein described; that all the material allegations in the complaint are true; and that all the material allegations in the answer of *Mrs. Muth* are unproven and untrue. And as conclusions of law the court found that the plaintiff was entitled to the relief demanded in the complaint, and ordered that judgment of foreclosure and sale in usual form be entered. From the judgment entered thereupon accordingly for the amount due on the mortgage, the defendant *Mrs. Muth* brings this appeal.

The question whether *Mrs. Muth* executed the mortgage voluntarily, or was induced to do so in ignorance of its contents, by the deception and false pretenses of her husband, was fairly tried by the court, and the findings are against her. These findings seem to be sustained by the evidence. It is true that her husband was not her agent for the purpose of such execution, nor was he the agent of the plaintiff. In the absence of fraud or mistake, she was conclusively presumed to know the contents of the mortgage, and was bound by the description therein contained. *Fuller v. Madison Mut. Ins. Co.* 36 Wis. 603; *Morrison v. Phillips & C. Const. Co.* 44 Wis. 410; *Sanger v. Dun*, 47 Wis. 620; *Herbst v. Lowe*, 65 Wis. 321; *Loibl v. Breidenbach*, 78 Wis. 53, 54. The mere fact that she could only read printed English, but could not read written English, is no excuse. It was, at most, negligence on her part. *Id.* The formal execution and acknowledgment of the mortgage are fair and regular upon their face, and are not impeached. According to the testimony on her part, her husband told her that the mortgage covered the store, but failed to tell her that it also cov-

The German Bank vs. Muth.

ered the homestead and the two lots. She admits that she intended to execute and acknowledge the mortgage, but claims that what her husband said and did induced her to believe that it only covered the store property. The good faith and fair conduct of the plaintiff are not questioned. To impeach the mortgage upon such ground, the evidence should be clear, convincing, and satisfactory. *Smith v. Allis,* 52 Wis. 345, and cases there cited; *Portz v. Schantz,* 70 Wis. 503; *Gabbey v. Forgeus,* 38 Kan. 62; *Ramsburg v. Campbell,* 55 Md. 227. In *Insurance Co. v. Nelson,* 103 U. S. 544, " a suit was brought to foreclose a mortgage made by husband and wife of land, a part of which belonged to him and a part to her. Her answer sets up that he obtained her signature by physical violence, and that he and the officer who took her acknowledgment, both of whom died before her answer was filed, represented to her that the mortgage did not cover her land. Held, that her testimony is not sufficient to impeach the mortgage." The notary public who took the acknowledgment is a well-known member of the bar, and he states that he either read the mortgage to her or asked her if she knew what it contained, and that she answered that she did. Of this he is very positive, for the reason that he never took an acknowledgment without either reading the paper to the person executing the same, or asking such person whether he knew the contents, except when he drew the paper himself in the presence of the person executing the same, and who knew all about it. We cannot disturb the findings of the court.

The suggestion that there cannot be two judgments in the case is not here involved, since there is but one judgment as against *Mrs. Muth,* and she is the only one who has appealed.

*By the Court.*— The judgment of the circuit court is affirmed.