(78 South. 62)

## SIMS v. GUNTER. (4 Div. 772.)

(Supreme Court of Alabama. Feb. 14, 1918.)

1. HOMESTEAD ⊜119 — ACKNOWLEDGMENT — REQUISITES AND SUFFICIENCY.

Code 1907, § 4161, requiring separate acknowledgment of the wife to a deed alienating the homestead, is satisfied by substantial compliance, since it must be liberally construed.

2. INFANTS ⊜10—ALIENATING HOMESTEAD— MINOR WIFE.

There is no inhibition against assent by an infant wife to the husband's conveyance of the homestead.

3. INFANTS ⊜10—ALIENATING HOMESTEAD— MINOR WIFE—LIABILITIES OF THE WIFE.

An infant wife, who separately acknowledges the husband's grant of the homestead, is not a party to the deed in the sense that she is bound by its covenants and warranties, since her deed passes only her marital rights.

4. INFANTS ⊜5, 47, 50—CONTRACTS—VALIDITY.

An infant's contract, whether executed or executory, as a rule is voidable merely, except it be a contract for necessaries, which is valid to the value of goods furnished, or an appointment of agent or attorney, which is void.

5. INFANTS ⊜57(1), 58(1)—CONTRACTS—VALIDITY.

On arriving at maturity, an infant may repudiate his contract, or he may ratify and confirm it without any new consideration.

6. INFANTS ⊜10—ALIENATING HOMESTEAD— MINOR WIFE—LIABILITIES OF THE WIFE.

A deed executed by an infant feme covert pursuant to the statutory requirements stands on precisely the same footing as a deed executed by an infant feme sole, and is voidable only.

7. INFANTS ⊜10—ALIENATING HOMESTEAD— MINOR WIFE—LIABILITIES OF THE WIFE.

Where an infant wife separately acknowledged a homestead deed, her act was voidable only within the time and in a mode authorized by law.

8. INFANTS ⊜23—CONTRACTS—VALIDITY.

An act or a deed of an infant which the law would compel him to do or make is just as valid as if he were of full age.

9. INFANTS ⊜6—CONTRACTS—VALIDITY.

An infant may be an agent or a trustee for another, and may bind such other person, though he cannot bind himself.

10. HOMESTEAD ⊜119 — ALIENATING HOMESTEAD — MINOR WIFE — VALIDITY AS HUSBAND.

Since the infant wife cannot legally be compelled separately to acknowledge her husband's homestead deed, if she is induced or compelled by the husband to do so, the conveyance is void as to the husband.

11. HOMESTEAD ⊜119—SEPARATE ACKNOWLEDGMENT—HOMESTEAD DEED.

The constitutional and statutory provisions, requiring separate voluntary acknowledgment by the wife of a homestead deed, are for her benefit, and not that of the husband.

12. HOMESTEAD ⊜129(1) — SEPARATE ACKNOWLEDGMENT—HOMESTEAD DEED—FRAUD —ESTOPPEL.

If the wife's separate acknowledgment to a homestead deed is valid on its face, the husband cannot, as against a purchaser innocent of the fraud, set up his own fraud in inducing the wife's signature.

13. HOMESTEAD ⊜128 — ALIENATING HOMESTEAD — MINOR WIFE — LIABILITIES OF THE WIFE.

Where the wife, an infant, separately acknowledged a homestead deed, legal title vested in the grantee, subject to be defeated by the wife's avoiding the conveyance, before legal title repasses from the grantee to the husband grantor.

14. HOMESTEAD ⊜157 — ABANDONMENT — RIGHTS OF WIFE.

The husband cannot destroy the wife's homestead rights by abandoning both the homestead and the wife.

15. HOMESTEAD ⊜1—EXEMPTION—TO WHOM.

The homestead exemption runs to the husband, and, though it inures to the wife and infant children, does so by and through the husband's personal exemption.

16. HOMESTEAD ⊜131 — CONVEYANCE — AVOIDANCE.

Where an infant wife separately acknowledged a homestead conveyance, the husband's bringing ejectment against the grantee did not of itself amount to disaffirmance by the wife.

17. INJUNCTION ⊜26(6)—RIGHT TO WRIT.

Where an infant wife separately acknowledged a homestead conveyance, the grantee's bill to enjoin an action in ejectment by the husband against him had no equity, since he had a complete defense to the action.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Suit in equity by C. T. Sims against D. G. Gunter. From the decree dismissing the bill Sims appeals. Affirmed.

C. D. Carmichael, of Geneva, for appellant. C. W. Simmons, of Enterprise, for appellee.

MAYFIELD, J. The question involved on this appeal is the effect to be given to a conveyance of the homestead of the husband, where the wife was a minor at the time of the execution of the conveyance, and where she voluntarily signed and assented in the mode and manner provided by the Constitution and statutes of this state as to the alienation of the homestead of a married man.

There is some insistence on the part of appellee that the form of the certificate of separate acknowledgment of the wife is so irregular and defective as not to be a substantial compliance with the Code form for such separate acknowledgment, and that the conveyance is void because of such defective certificate.

[1] While there are irregularities as to the initials of the husband and of the wife, and as to those of another grantor in the conveyance, we hold that they are not such as to render the conveyance void for want of certificate of separate acknowledgment as provided by section 4161 of the Code. Certificates of acknowledgment are liberally construed; and a substantial compliance with the Code form is all that is required, and that, we hold, appears from an inspection of the conveyance and certificate here. Sharpe v. Orme, 61 Ala. 263; Scott v. Simons, 70 Ala. 352; Cox. v. Holcomb, 87 Ala. 589, 6 South. 309, 13 Am. St. Rep. 79. So the real question is as first stated, and this we will discuss and decide.

It is singular that this exact question has not heretofore been decided by this court, nor by any other court so far as we are informed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We refer, of course, to the courts of states having constitutional or statutory provisions similar to ours. The constitutional and the statutory provisions of this state on the subject are similar, in that the wife is not required to join in the conveyance with the husband, and is not required to be a party to the conveyance in the sense of a grantor; but it is required only by the Constitution that the conveyance, to be valid, shall have "the voluntary signature and assent of the wife." The statute (section 4161 of the Code) follows the above language of the Constitution, and then adds:

"Which must be shown by her examination, separate and apart from him. before an officer authorized by law to take acknowledgments of deeds, and the certificate of such officer upon, or attached to such mortgage, deed, or other conveyance, which certificate must be substantially in the following form," etc.

Then follows a form for the certificate of acknowledgment.

[2, 3] The record shows that these constitutional and statutory provisions were substantially complied with. The record also shows that the wife was a minor, 16 years of age, when she assented to and signed and acknowledged the conveyance. Did this render the conveyance of the homestead of the husband absolutely void, or voidable merely, or was it valid? What effect did the wife's infancy have upon the conveyance? If the conveyance amounted to a contract on the part of the wife, then it was voidable and not void, and could be made valid by a ratification on her part. There is, so far as we know, no inhibition against a wife who is a minor assenting to the conveyance of the homestead by the husband. She at best is by the Constitution and the statutes given a mere veto power against the alienation, in that her assent and signature to the alienation is required, and required to be shown by a certificate of separate acknowledgment. She is not a party to the conveyance or alienation, in the sense that she is bound by the covenants or warranties; and the conveyance passes no right, interest, or title which she has, other than the marital rights given her by the law, such as the dower and the homestead rights.

We have another statute (Code, §§ 3818, 3819) which provides for the effect to be given to conveyances of the homestead of the husband, or to the wife's joining with her husband in a conveyance which amounts to a relinquishment of dower only. This statute fixes the age of the wife, who is a minor, at which she may or does relinquish her dower by joining with him in a conveyance of his land, or by a separate instrument executed by her alone; but such a relinquishment does not imply assent to the alienation of the homestead farther than concerns her dower.

[4] A contract of an infant, whether executed or executory, as a rule is voidable merely. There are two exceptions, one as to contracts for necessaries, which are valid as to the just value thereof, and an appointment of an attorney or agent which is void. American Co. v. Dykes, 111 Ala. 187, 18 South. 292, 56 Am. St. Rep. 38; Flexner v. Dickerson, 72 Ala. 318; Philpot v. Bingham, 55 Ala. 435.

[5] On arriving at maturity an infant may repudiate his contract or he may ratify and confirm it without any new consideration. Id.; American Co. v. Wright, 101 Ala. 658, 14 South. 399; Sharp v. Robertson, 76 Ala. 343. For a full discussion of the subject of the contracts of infants, see Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569, which contains a note of 200 pages.

"While infants should be protected from the consequences of their inexperience and immaturity of judgment, it should not be forgotten that their protection does not require the situation of persons who have dealt with them in good faith to be entirely overlooked.

"Infants, the law says, are destitute of sufficient understanding to enter into contracts generally which shall be binding upon them. 'The law, therefore,' in the language of Chief Justice Parsons in Baker v. Lovett, 6 Mass. 78, 80 [4 Am. Dec. 88] 'protects their weakness and imbecility so far as to allow them to avoid all their contracts by which they may be injured. But in favor of infants, they are bound by all reasonable contracts for their maintenance and education, and also by all acts which they are obliged by law to do.' " Craig v. Van Bebber, 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 573, note.

It has been held, however, that statutes relieving married women of the disabilities of coverture do not also relieve them of the disabilities of infancy, unless the particular enactment provides as does our statute, section 3818 of the Code. We have many decisions to this effect, dealing with the conveyance of the wife's statutory separate estate, or with relinquishment of dower, the holding being that, unless the statute so provided, relief from the disabilities of coverture did not carry relief from those of infancy.

[6] A deed executed by an infant feme covert pursuant to the statutory requirements stands on precisely the same footing as a deed executed by an infant feme sole. In other words the deed is not binding, nor is it void, but it is voidable. Greenwood v. Coleman, 34 Ala. 150; Schaffer v. Lavretta, 57 Ala. 14.

"It is inconceivable," says the court in Greenwood v. Coleman, supra, "that it was designed to confer upon her, when under coverture, an authority to contract which did not pertain to her if sole and unmarried. and to dispense with the disability of infancy."

In Sandford v. McLean, 3 Paige (N. Y.) 117, 121, 23 Am. Dec. 773, 775, Chancellor Walworth uses the following language:

"The statute which makes valid the deed of a feme covert when executed with her husband, and acknowledged by her on a private examination, was never intended to sanction or validate a conveyance by an infant wife. There is a plain and obvious distinction between the disability of coverture and that of infancy. The first arises from a supposed want of will on account of the legal power and coercion which the husband may exercise over the volition of

the wife. This disability is removed by the private examination of the wife in the absence of her husband, by which it is legally ascertained that such power and coercion has not been exercised in that particular case. But the disability of infancy arises from the supposed want of capacity and judgment in the infant to contract understandingly."

[7] It therefore follows that the assent and acknowledgment of the infant wife in this case is in no better nor worse condition than if she had been a feme sole at the time. The mere fact that the statute provides that the wife may sign, consent to, and acknowledge the deed of the husband does not make her act in so doing void, or valid, if she be an infant; hence these acts are voidable only, and are valid and binding until avoided by the infant at a time and in a mode authorized by law.

[8, 9] It is also true that an act or a deed of an infant which the law would compel him to do or make is just as valid as if he were of full age. An infant may be an agent or a trustee for another, and may bind such other person, though he cannot bind himself. He cannot appoint an agent or attorney for himself; such an act would be absolutely void, not merely voidable. Co. Litt. 172d, gives the rule of an infant's general liability as follows:

"An infant may bind himself to pay for his necessary meat, drinke, apparel, necessary physicke, and such other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterward. but if he bind himself in an obligation or other writing with a penalty, for the payment of any of these, that obligation shall not bind him."

He adds:

"And generally whatsoever an infant is bound to do by law, the same shall bind him, albeit he doth it without suit at law."

Lord Mansfield quotes and applies this last expression in Zouch v. Parsons, 31 Burr. 1794, and adds:

"If an infant does a right act which he ought to do, which he was compellable to do, it shall bind him."

[10] None of these exceptions, however, apply to the case in hand, because the wife cannot by law be compelled to assent to, sign, or acknowledge the conveyance or deed of the husband, the Constitution and the statutes requiring that she must do so voluntarily; and in acting in this matter she acts for herself and not for her husband or the grantee. The law vests and reserves this veto right and power in her, against the alienation of the homestead, for her benefit and that of the family or children, in the possession of a homestead. It is not for the benefit of the husband, and if she should be induced or compelled by the husband to so consent to, sign, and acknowledge the conveyance, it would be void under constitutional and statutory provisions as to the husband.

[11] That the statutory and constitutional provisions are for the wife's benefit is shown by the fact that this court has repeatedly held that a conveyance by the husband to the wife of his homestead is valid, even though she did not assent to, sign, or acknowledge the deed in the mode provided by the statute.

[12] It has also been repeatedly held by this court that the constitutional and statutory provisions cannot be evaded or avoided by the doctrine of estoppel. To apply this doctrine, where the Constitution and the statutes have not been complied with, would render them nugatory. If the conveyance is valid on its face, and the statutes and the Constitution have been complied with, husband and wife may be estopped from setting up the actual fraud of either, to render the conveyance void. That is to say, if the conveyance is valid but for the fraud of the husband in procuring his wife's assent to, and acknowledgment of the conveyance, and the grantee is free from such fraud, then the husband is estopped, or will not be heard, to set up his own fraud to avoid his own deed.

"While fraud may negative the idea of voluntary consent, it is not every fraud or misrepresentation which will have the effect of avoiding a conveyance of the homestead. Where the grantee is not a party to the deception, he is held to acquire a good title to the property; and the fraud of the husband does not prejudice such grants. Webb v. Burney, 70 Tex. 322, 7 S. W. 841; German Bank v. Muth, 96 Wis. 342, 71 N. W. 361. And in the absence of fraud on his part, or mutual mistake, the want of concurrence necessary to invalidate the instrument must be apparent on its face; and it cannot be contradicted by parol testimony. Ætna Life Ins. Co. v. Franks, 53 Iowa, 618, 6 N. W. 9. If there is no proof of fraud or connivance, the wife's act in signing a mortgage to the homestead, although reluctant, is deemed voluntary in law. Coleman v. Smith, 55 Ala. 368." Jerdee v. Furbush, 115 Wis. 277, 91 N. W. 661, 95 Am. St. Rep. 933, 934, note.

There are exceptions and limitations to this rule, however, not necessary here to discuss; but the following may be mentioned:

"Estoppel cannot supply the place of signing and acknowledging the instrument, where required by statute. Davis v. Thomas, 66 Neb. 26, 92 N. W. 187. So where the wife is not examined separate and apart, the husband is not estopped to claim the land as homestead. Slappy v. Hanners [137 Ala. 199] 33 South. 900, and cases cited. See, also, Alford v. Lehman, 76 Ala. 526. And where the husband told the mortgagee that the justice of the peace had taken the acknowledgment in his own county, such not being the fact, he was held not to be estopped. New England, etc., Co. v. Payne, 107 Ala. 578, 18 South. 164." Jerdee v. Furbush, supra, note.

None of these principles or cases as to estoppel are yet applicable to the case in hand, for the reason, as we hold, the conveyance is not void, but voidable only; and it is of course valid until avoided by the wife in the manner or mode recognized by law. The husband cannot avoid it by bringing an action in ejectment or in any other manner. It is very true that if it should be avoided by the wife, it might revest the title in the husband; but as to this we do not now decide, because the wife thus far has taken no legal step to avoid it and may never do so.

[13] The condition results that the legal title did vest in the grantee, subject to be defeated by the wife's avoiding the conveyance in a mode authorized by law, and this must be done before the legal title passes back from the grantee to the husband grantor.

[14] It may be that there was or has been such an abandonment of the homestead, by both the husband and the wife, as to defeat all homestead rights of either to the lands in question, and that the avoidance, now, by the wife, by her assenting to, signing, and acknowledging the conveyance might affect her dower interest only. As to this, however, we do not now decide, because the question is not before us, and may never be. If the husband now has no homestead rights in the lands, if he has lost these rights by the deed in question or by abandonment, then the wife's claim or right thereto may have been lost by this abandonment, though not necessarily so. Of course the husband cannot destroy the wife's homestead right by abandoning both it and her. She may, in case the husband without just cause abandons both her and the home, return to the homestead and continue to occupy it as against the husband, his creditors, and the world. If, however, husband and wife abandon one homestead and acquire another, then, of course, both lose thereby all homestead rights they had to the first. In case, however, the conveyance of the first was absolutely void, their acquiring the second homestead would not render the conveyance of the first homestead valid. If the conveyance of the first was valid and remained valid until another homestead was acquired by both the husband and the wife, it may be that neither could thereafter avoid the conveyance of the first merely because it was once, but not then, the homestead. As to this, however, we decide nothing, because not before us.

[15] The acts of the infant wife in this case, which she may affirm or disaffirm, are of a peculiar nature. As we have shown, the acts of hers authorizing or allowing the husband to alienate the homestead do not constitute a contract on her part, in such sense that she becomes a party thereto. The acts were of such a nature, however, that she did thereby relinquish her right to veto the alienation of the homestead, and constituted her consent thereto, and, if the statutes were followed, a relinquishment of her right to dower in the land conveyed. Both of these rights are marital and are given by law, and both may be relinquished in the manner provided by law. These acts of hers, in thus surrendering or relinquishing these rights, however inchoate they may have been, were nevertheless of such a nature as that she may avoid them on the ground of infancy, or ratify them, on arriving at full age. The homestead right is of constitutional and statutory origin. The extent, nature, and character of the right depends solely upon the law which thus creates it. The exemption right, in cases like

201 ALA.—19

this, is given in favor of the husband. The benefit and enjoyment of the exemption inures to his wife and infant children, but by and through the personal exemption to the husband. The title to and estate in the homestead are in the husband, so long as he lives, or the relation of husband and wife, or father and infant child, shall exist. Neither the wife nor the children have any right or estate in the homestead during the life of the husband or father. The wife, however, is given the power to prevent the husband's alienating the homestead; but she is given no power to prevent the husband from abandoning it, and thereby destroying its character as a homestead. The husband, however, cannot deprive the wife or children of their right to continue to occupy and enjoy it as a homestead by abandoning them and the homestead. The husband does have the right in law to select the homestead, and to change it at his will, or to abandon it and carry the wife and children with him; but he has no right to abandon them and thus deprive them of the right to occupy the homestead. Lewis v. Lewis, 77 South. 406;[1] Winkles v. Powell, 173 Ala. 46, 51, 52, 55 South. 536. The difference between abandonment of the home by the husband, and abandonment of his family, the one act being lawful, and the other unlawful, is brought out in the last two cases cited. So it may be that both appellee and his wife have abandoned the land in question as a homestead, and that if the wife should now disaffirm her acts as to consenting to, signing, and acknowledging the alienation of the once homestead, it would not be effective to revive the right of homestead therein to either the husband or the wife. As to this, however, as before stated, we do not decide, because not before us, as the record fails to show that the wife has ever disaffirmed her acts of infancy in alienating the homestead.

[16] The conveyance and alienation, as we have before said, was valid until disaffirmed by the infant wife. The husband has no option to affirm or disaffirm her acts in the premises. The bringing of an action in ejectment by him, to recover the premises, cannot of itself amount to a disaffirmance by the wife. It therefore results that the plaintiff, appellant here, is not thus far shown to have any right or title which will enable him to recover the lands in his action of ejectment. The respondent, appellee, appears to have a complete and adequate remedy at law to the action of ejectment.

[17] Therefore there is no equity in complainant's bill to enjoin the prosecution of the action, which he can defend if the allegations and proof are true. Consequently the trial judge properly dismissed complainant's bill; and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

[1] Ante, p. 112.