(100 South. 895)

CORNELIUS v. MOORE et al.    (6 Div. 162.)

(Supreme Court of Alabama.    May 22, 1924. Rehearing Denied June 26, 1924.)

1. Principal and agent ⬤⟝⟝10(2)—Execution of power of attorney held binding.

Whether or not acknowledgment to a power of attorney substantially met requirements of statute as to form was immaterial where principal in fact signed the power, and in any event the signature of acknowledging officer would suffice as to an attestation.

2. Principal and agent ⬤⟝⟝103(10)—Power of attorney to brother to sell land held to authorize acceptance of part cash and balance in notes.

Power of attorney to brother to sell land held sufficiently broad to authorize agent to accept part of purchase price in cash and balance in notes.

3. Infants ⬤⟝⟝6—Minor authorized to act as agent for brother could so act.

Independently of a decree made pursuant to Code 1907, § 4505, removing disability of nonage of one under 21, a minor authorized by his brother to act for him under a power of attorney could so act.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill to reform a deed by B. T. Moore and E. B. Ricketts against O. Z. Cornelius. De-

cree for complainants, and respondent appeals. Affirmed.

See, also, 203 Ala. 237, 94 South. 57.

The power of attorney executed by O. Z. Cornelius to Rufus H. Cornelius is as follows:

"Power of Attorney.

"Know all men by these presents, that Oliver Z. Cornelius, private in Troop 1, 3d U. S. Cavalry, late of Blount county, Alabama, has made, constituted and appointed and by these presents do make, constitute, and appoint, Rufus H. Cornelius my true and lawful attorney, for me and in my name, place, and stead to claim, take possession of any real or personal estate belonging to me, and to receive and receipt for all my interest and share of the estate of the late William M. Cornelius, deceased, in said Blount county, Alabama, hereby vesting my said attorney with the power to receive and receipt for any and all moneys due to me in said county, to take possession of, sell and convey, make and convey title to any real estate, to maintain suits and defend suits in law or equity for the recovery and possession of same, giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present at the doing thereof, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney or his substitute may or shall lawfully do, or cause to be done, by virtue hereof. In witness whereof I have hereunto set my hand and seal this the 9th day of December, 1911.    Oliver Z. Cornelius. [Seal.]    The State of Texas, County of Webb.    Before me, John L. Donnelly, a notary public in and for Webb County, Texas, on this day personally appeared Oliver Z. Cornelius, to be the person whose name is subscribed to the foregoing instrument, and acknowledge to me that he executed the same for the purpose and considerations therein expressed.    Given under my hand and seal of office this 9th day of December, 1911.    John L. Donnelly, Notary Public, Webb County, Texas. [Official Seal]."

Ray & Cooner, of Jasper, for appellant.

The power of attorney did not authorize what was done. Butler v. Gozzam, 81 Ala. 491, 1 South. 16; 31 Cyc. 1097; Marks v. Tarver, 59 Ala. 335; Tarver v. Haines, 55 Ala. 503; Robinson v. Allison, 74 Ala. 254; Jones v. Morris, 61 Ala. 518; Sanders v. Cassady, 86 Ala. 249, 5 South. 503; Taylor v. A. & M. Ass'n, 68 Ala. 237; Wood v. Lake, 62 Ala. 490; Speakman v. Vest, 166 Ala. 240, 51 South. 980. Powers of attorney are to be strickly construed. Brantley v. So. L. I. Co., 53 Ala. 554. The certificate of acknowledgment was insufficient. Dawsey v. Kirven, 203 Ala. 446, 83 South. 338, 7 A. L. R.' 1658.

Russell & Johnson, of Oneonta, for appellees.

---

Though the deed is defective as to appellant, in view of his power of attorney, it will be enforced against him. Taylor v Agri. Ass'n, 68 Ala. 229; Morrow v. Higgins, 29 Ala. 448; Gillespy v. Hollingsworth, 169 Ala. 604, 53 South. 987; Rovelsky v. Scheuer, 114 Ala. 419, 21 South. 785; 2 C. J. 459. The power of attorney is sufficiently broad to empower the brother to sell the lands. Brantley v. So L. I. Co., 53 Ala. 554; Wimberly v. Windham, 104 Ala. 412, 16 South 23, 53 Am. St. Rep. 70; 2 C. J. 617.

GARDNER, J. This litigation originated in an ejectment suit for the recovery of a tract of land in Blount county, brought by Jane Cornelius, widow of William Cornelius, and her sons, Oliver and Rufus H. Cornelius, against B. T. Moore and E. B. Ricketts. The defendants in the ejectment suit had purchased the property from the said widow and her sons, the only heirs of said William Cornelius, but in the body of the deed the name of Oliver Z. Cornelius did not appear. The defendants in the ejectment suit petitioned the court for a removal of the cause to the equity docket, which was done, and filed this bill for a reformation of the deed upon the ground that the name of Oliver Z. Cornelius was omitted from the body of the instrument by inadvertence or mistake of the draftsman. The deed was executed on the part of Oliver Z. Cornelius by his brother, Rufus H. Cornelius, acting under power of attorney.

The answer of the respondent Oliver Z. denies the power of attorney was legally executed, and, further, that Rufus H. Cornelius was at the time under the age of 21 years, and that in any event the power of attorney did not authorize the said Rufus H. Cornelius to sell his interest in said land except for cash, or to collect the proceeds of the sale unless the same were paid in cash to him.

Testimony was taken for the respective parties, and upon submission of the cause for final decree the chancellor rendered a decree of reformation of the deed as prayed for in the bill, from which decree the respondent has prosecuted this appeal.

[1] It appears without dispute that complainant paid for this land the sum of $2,500, $500 of which was cash, and the balance by notes secured by a mortgage on the property, each of which was subsequently paid. The deed was executed in December, 1912, while the respondent Oliver Z. Cornelius, was in the military service of the United States stationed in the state of Texas. Previous to the execution of the deed the said Oliver Z. had executed a power of attorney to his brother, Rufus H. Cornelius, by virtue of which power of attorney the said Rufus H. had signed the name of Oliver Z. to the deed executed to these complainants. Whether or not the acknowledgment to the power of attorney substantially meets the requirements of our statute as to form we need not stop to inquire, as the respondent's evidence shows without conflict that he in fact signed the power of attorney; and, in any event, the signature of the acknowledging officer would suffice as to an attestation.

[2] The said Oliver Z. received no part of the purchase money, and it is strenuously insisted that his attorney in fact in the transaction here in question went beyond the scope of his authority which was known or should have been known to these complainants.

Counsel for appellees argue in response to this insistence that the power given in the power of attorney is broad and comprehensive, and that respondent's brother, Rufus H., acted in the premises as was contemplated by the respondent, and all those interested in the transaction. This was the conclusion reached by the chancellor, and from a review of the record we are persuaded that this finding is correct.

The power of attorney is to be construed in the light of the surrounding facts and circumstances, and in view of the purposes to be accomplished thereby. Brantley v Life Ins. Co., 53 Ala. 554. It is broad and comprehensive, and after giving authority for the sale of the respondent's interest in the estate uses the language:

"Giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present at the doing thereof, with full power of substitution or revocation, hereby ratifying and confirming all that my said attorney or his substitute may or shall lawfully do or cause to be done by virtue hereof."

The power of attorney was sent respondent not by his brother, Rufus H., but by his mother, Jane Cornelius, accompanied by a letter requesting his signature, and informing him of some incumbrance upon the land, the exact nature and amount of such incumbrance not being disclosed by the evidence.

The transaction as to the sale of this property to these complainants seems to have been consummated through the respondent's mother, Jane Cornelius. A considerable portion of the purchase money appears to have been expended in the extinguishment of these incumbrances, the remainder being paid to respondent's mother, who seems to have given some of the funds to her son Rufus H. The respondent and his brother Rufus H., his attorney in fact, had no communication with each other in regard to this transaction, the entire matter being left with the mother. The complainants received no intimation of any claim against the property until the fall of 1919, when the ejectment suit above referred to was brought.

The evidence of the draftsman of the deed shows very clearly that the respondent's name was omitted from the body thereof merely by an oversight, and, so far as this

feature of the bill is concerned, the evidence fully meets the requirements of the rule as to reformation of written instruments. The son, Rufus H., evidently knew and understood as to the sale of this land, and this respondent must have known that a sale of the land was deemed necessary by the mother to accomplish the desired purposes, and that he complied with his mother's request, and for her use and benefit forwarded the power of attorney to her in order that she might deal with the matter as she thought wise and proper.

The power of attorney therefore is to be construed in the light of the relationship existing between the parties, and the facts and circumstances showing the purpose of its execution. When so considered, we are of the opinion that the respondent's brother, Rufus H., acted in the premises as he was authorized to act by the respondent when he (Oliver Z.) forwarded the power of attorney to his mother. Our conclusion in this respect is further strengthened by the fact that the respondent for a number of years after the execution of the power of attorney and a sale of the land seems to have made no inquiry in regard to his interest in the proceeds of the sale or made any complaint in respect thereto, and during these years the complainants appear to have been in the unmolested control thereof

[3] At the time of the execution of the power of attorney it appears that Rufus H. Cornelius was under 21 years of age, but his disabilities of nonage had been removed by virtue of the decree of the chancery court. Section 4505, Code 1907, expressly authorizes such decree either by the chancery court in term time or the chancellor in vacation, and the petition appears to contain all jurisdictional averments. It would seem on collateral attack, at least, the decree was sufficient; but this is unnecessary to be determined, for Rufus H., although a minor, was authorized to act as agent for his brother under the power of attorney which was executed. Sims v. Gunter, 201 Ala. 286, 78 South 62; 14 R. C. L. 221.

We are of the opinion the decree of the chancellor is correct, and will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.