194 So. 833

**BOND et al. v. AVONDALE BAPTIST CHURCH et al.**

**6 Div. 539.**

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

Wilkinson & Wilkinson, of Birmingham, for appellants.

Smyer, Smyer & Bainbridge, of Birmingham, for appellees.

GARDNER, Justice.

This proceeding concerns real estate that complainant insists was once the homestead (exceeding in value $2,000), which was conveyed by the husband, W. J. Bond, without the signature of the wife, who was an inmate of the State hospital for insane at Tuscaloosa as incurably of unsound mind. The husband is now dead, and complainants seek the establishment of homestead rights, and there is involved also perhaps some question of joint ownership.

All parties are desirous that the decree rested upon the declaratory judgment act be considered upon the merits, the record here being in nature, though not in strict form, an agreed statement of facts.

■ In any event, it cannot be said that the remedy by action of ejectment is so plain and adequate as to stand in the way of the consideration of this case under the declaratory judgment act (Gen.Acts 1935, p. 777), as was the situation in State v. Inman, 238 Ala. 555, 191 So. 224, if in fact ejectment was available.

Complainants insist that not only the conveyance made by the husband, while still occupying the homestead, was void (citing section 205, Alabama Constitution; People's Bank v. Barrow & Wiggins, 208 Ala. 433, 94 So. 600; Parks v. Barnett, 104 Ala. 438, 16 So. 136), but that the conveyance subsequently made, and after the abandonment of the homestead, and for the evident purpose of perfecting the title, was likewise void under the Constitution. Lazenby v. Lazenby, 229 Ala. 426, 157 So. 670; Lewis v. Lewis, 201 Ala. 112, 77 So. 406; Sims v. Gunter, 201 Ala. 286, 78 So. 62; Winkles v. Powell, 173 Ala. 46, 55 So. 536; 29 Corpus Juris 951, among other authorities.

Defendants, on the other hand, insist that the husband had the right to abandon the homestead, and that the subsequent deed was valid under the principles recognized in Winkles v. Powell, supra; Lewis v. Lewis, supra; Sims v. Gunter, supra; Frazier v. Espalla, 220 Ala. 446, 125 So. 611; Garrett v. Jones, 95 Ala. 96, 10 So. 702; Woodstock Iron Co. v. Richardson, 94 Ala. 629, 10 So. 144.

■ It may be conceded these various contentions present debatable ground. But, from our view of the case, there is here presented no necessity for their determination. This, for the reason that all of these matters concerning the title to this property were embraced in the proceeding in equity brought by the purchaser, and to which both the husband and insane wife were parties defendant. The decree rendered (January 1930) in that proceeding determined the question of title adversely to complainants' contention, and that neither Bond nor his wife had any right, title, interest or claim to the property. That decree stands unreversed, and is binding as res adjudicata upon the parties thereto and their privies. Warren v. Southall, 224 Ala. 653, 141 So. 632; 34 Corpus Juris 511. It cannot be collaterally attacked except for fraud in its procurement. 34 Corpus Juris 511.

■ Recognizing this principle, counsel for complainants argue the invalidity of the decree upon the face of the proceeding, as disclosing a want of jurisdiction of the person. 34 Corpus Juris 532. "A judgment rendered on constructive service of process, the requirements of the statute having been complied with, is as much protected against collateral impeachment as any other." 34 Corpus Juris 535. Service upon the insane wife was what is denominated "substituted service" (Grant v. Lawrence, 37 Utah 450, 108 P. 931, Ann. Cas.1912C, 280) under our statute (section 9438, Code of 1923), and it may be conceded such statutes are subject to rather strict construction. State ex rel. v. Gray, 92 Fla. 1123, 111 So. 242. Nevertheless, such a rule does not require a strained or unreasonable construction, and reason and common sense are not to be discarded.

A guardian ad litem was appointed, accepted the appointment and duly filed an appropriate answer. The wife being an inmate of the insane hospital there was a certificate of her mental incapacity to respond to process, which was duly indorsed and attached to the process as contemplated by said section 9438, Code. But the certificate was by "W. M. Faulk, M. D., Assistant Superintendent," upon whom the sheriff had served the summons as such "assistant superintendent of the Alabama Insane Hospital."

■ The argument is that a certificate not signed by the superintendent, but by his assistant, is invalid and a nullity. But we think this too narrow a view to take of the statute. After all, the proper construction of the statute is the ascertainment of the legislative intent. This statute (section 9438) must be construed in the light of section 1423 et seq., of the Code, wherein it appears that the superintendent, elected by the Board of Trustees, is superintendent both of the hospital at Tuscaloosa and the one at Mobile, and likewise the home of the feeble minded, as provided in section 1464 et seq. of the Code. He is authorized to appoint an assistant at each hospital (section 1433, Code), and an assistant also of the home. Section 1466, Code. These assistants are to conduct the affairs of the hospital, but of course under the general direction of the superintendent. Naturally enough, the superintendent cannot attend to the details of each hospital. For this purpose the assistants are provided. For many purposes they are in substance and effect superintendents of the institution which is under their supervision. And we think it quite clear such a duty as the execution of a certificate, here in ques-

tion, falls within the scope of the authority of such assistant. For such purpose he is in fact the superintendent. This is, we think, the natural common sense construction of the statute. And so construed, the service was entirely regular.

Counsel make some suggestion of fraud upon the face of the record. But we find this relates to what is claimed an insufficiency of proof as to possession and the like. That this does not constitute fraud in the procurement of the decree requires no discussion. 34 Corpus Juris 511; Powell v. Union Bank & Trust Co., 173 Ala. 332, 56 So. 123; 13 Alabama Digest, Judgment, ☜486 etc., pages 137–140.

The conclusion that the former decree is valid and constitutes res adjudicata as to the title to this property, renders unnecessary consideration of any other question, and the affirmance of the declaratory judgment here is confined to that feature of the case. As thus limited, the judgment is affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.